[No. 569. Decided November 30, 1892.]

FRANK W. SMITH, *Respondent,* v. THE STATE OF WASHINGTON, *Appellant.*

APPEAL — EQUITABLE CAUSES — STATEMENT OF FACTS.

Under the provisions of "An act for the relief of *bona fide* purchasers of school or university lands heretofore sold under the authority of laws enacted by the Territory of Washington" (Laws 1889-90, p. 448), the jurisdiction conferred upon the courts is of an equitable nature, and on appeal from a decree in such proceedings a statement of facts must be made a part of the record.

On appeal in an equitable cause, where an issue of fact has been made and testimony has been taken, it is necessary that a statement of facts should be settled and brought up for review, although the only question the appellant desires to raise is as to the constitutionality of a certain act of the legislature.

18—5 WASH.

*Appeal from Superior Court, King County.*

*W. C. Jones*, Attorney General, *James A. Haight*, and *Paul d'Heirry*, for The State.

*Greene & Turner*, for respondent.

The opinion of the court was delivered by

HOYT, J.—This was a proceeding by the respondent against the State of Washington, under the provisions of the act of the legislature entitled "An act for the relief of *bona fide* purchasers of school or university lands heretofore sold under the authority of laws enacted by the Territory of Washington, and declaring an emergency." To the complaint filed therein defendant answered, denying all the material allegations of the complaint. Upon the issues thus made a trial was had, and from the decree against it rendered in said action this appeal is prosecuted by the state.

No statement of facts was settled or attempted to be settled, and the case is brought here simply upon the record, without any such statement of facts being made a part thereof. Under these circumstances respondent moves to dismiss the appeal. If this is an equity case, and governed by the ordinary rules applying to such a case, a uniform course of decisions by this court requires us to grant this motion. It is contended on the part of the appellant, however—(1) That it is not an equity case; and (2) that since the complaint itself shows that the action itself is brought under a certain act of the legislature, and the only question which the state wants to raise upon the appeal is as to the constitutionality of said act, the reason for the rule applicable to an ordinary case in equity, which requires all of the case in the court below to be brought here before any part of it can be reviewed, does not obtain, and that in

the absence of the reason therefor an exception to the rule should be made in favor of cases of this kind.

As to the first point we are satisfied from the whole scope of the act that the jurisdiction which was intended to be conferred thereby upon the courts was to proceed as in equity. The nature of the inquiry authorized, and of the decree required to be rendered, show clearly that the proceeding is in the nature of a suit in equity, and is as clearly such as is that for the foreclosure of a mortgage.

Upon the other proposition we are likewise unable to agree with the contention of the appellant. If the appellant had demurred to the complaint, or in any other way confined its appearance in the court below to the raising of the simple question which it now desires to raise here, it could undoubtedly have had a review of the proceedings upon such questions without bringing here anything more than the record showing the question thus raised and the pleadings or other facts applicable thereto. But in the case at bar appellant did not content itself with simply raising this question. It made an issue of fact, and upon such issue testimony was regularly taken, and a finding made by the court. To sustain this appeal upon the grounds contended for by appellant would be to hold that part of a case in equity as presented to the court below could be brought here for review. This we are unable to do. The plain contemplation of our statute as to appeals in equity is, that the whole case as presented to the court below should be brought here before the court gets jurisdiction to in any manner interfere with the decree rendered in said court. It is doubtless true that a part of a decree may be appealed from, but that fact in no manner aids the contention of the appellant that the whole decree may be appealed from, without the entire case as presented to the court below being brought here by the appellant.

The motion to dismiss must be granted.

ANDERS, C. J., and DUNBAR, J., concur.

STILES, J.—I concur.   If the act of 1890, which the appellant seeks to have reviewed, is unconstitutional, the decree of the court below is a nullity and no injury is done by adhering to the rule here enforced.

SCOTT, J., dissents.