## 112    STATE v. SUPERIOR COURT.

[No. 871. Decided March 13, 1893.]

THE STATE OF WASHINGTON, on the relation of J. R. McDonald, Randall F. Smith and W. A. Butler, v. THE SUPERIOR COURT OF KING COUNTY, AND HON. RICHARD OSBORN, one of the Judges of said Court, Respondents.

PROHIBITION—ENFORCING JUDGMENT ON STAY BOND PENDING APPEAL.

Prohibition will lie to prevent the superior court undertaking to enforce the collection of a judgment against sureties on a bond for stay of execution, when notice of appeal from such judgment has been given and a *supersedeas* bond filed by the sureties.

*Original Application for Prohibition.*

*Charles Lovejoy*, for petitioner.

*Richard Winsor*, for respondent.

The opinion of the court was delivered by

Scott, J.— This is an application for a writ of prohibition against the respondent, directing him to desist from further proceedings in a case commenced in said superior court, wherein Louise Thompson is plaintiff and said J. R. McDonald defendant.

It appears that on the 9th day of April, 1891, judgment was rendered in favor of the plaintiff in said action.   Thereafter, on the 12th day of May, 1891, said defendant executed a bond, with the relators Randall F. Smith and W. A. Butler as sureties, for a stay of execution.   On the 5th day of October, 1891, said defendant gave a notice of appeal of said action to this court, and filed a *supersedeas* bond.   On the 21st day of October, 1891, said court, upon the application of the plaintiff, entered judgment against the relators Smith and Butler, upon said stay bond; and

on the further application of the plaintiff on the 3d day of November, 1891, said court entered an order commanding Butler to appear on the 5th day of November following, and answer on oath concerning his property.  On the 3d day of said month of November said court entered an order fixing the appeal bond of said Smith and Butler at the sum of $6,000, and on the next day said McDonald, principal defendant, and said Smith and Butler, filed a notice of appeal from the judgment upon the stay bond and executed a *supersedeas* bond in said sum of $6,000, and on the 5th day of November said sureties moved to quash the proceedings against Butler, which motion was denied on the 30th day of said month.   Prior thereto, on the 21st day of said month, on application of the plaintiff, said court entered an order for, and issued, execution in said suit; and on the 21st day of January, 1893, upon application therefor by the plaintiff, said court issued a bench warrant in said cause, commanding the sheriff to arrest said Butler and bring him before the court on the 23d day of said month of January.   And thereupon said sheriff did arrest said Butler, who gave bail for his future appearance.   And it further appears that said court is pursuing said supplementary proceedings and undertaking to enforce the collection of said judgments rendered against said principal defendant and his said sureties, from all of which appeals have been taken as aforesaid, and are now pending in this court.

The regularity of the proceedings upon said appeals is not questioned, but the respondent insists that there can be no appeal from said judgments; that by giving a stay bond defendant McDonald waived his right to an appeal, and that no appeal lies upon the part of the sureties from the judgment on the stay bond.   However this may be, these are questions which can only be passed upon by this court. The effect of giving the notices of appeals and *supersedeas*

bonds as aforesaid was to remove said matters to this court, and to deprive the superior court of any jurisdiction to proceed in the premises otherwise than as to the preparation thereof for a hearing in this court in pursuance of said appeals.

Said sureties have a right to contest the validity of the action of the court upon the stay bond, and we are not called upon in this proceeding to determine what effect the giving of such stay bond had upon the right of the principal defendant to prosecute an appeal in the action. Such questions will be heard upon the appeal. It is sufficient now to say that said matters have been regularly appealed, and the same are now pending in this court. Consequently the peremptory writ must issue, and the relators will recover their costs herein of said Louise Thompson, the plaintiff in said action.

DUNBAR, C. J., and HOYT, ANDERS and STILES, JJ., concur.