[No. 1078.    Decided October 20, 1893.]

PAULINE J. DAVIS, *Appellant*, v. E. H. HINCHCLIFFE AND THE AULTMAN-TAYLOR COMPANY, *Respondents.*

### ENJOINING FORECLOSURE SALE — EVIDENCE IN EQUITY CASES — IRRELEVANCY.

In an action to restrain the foreclosure sale of mortgaged personalty, the owner claiming the mortgage debt to have been discharged in consideration of a conveyance of land to the mortgagee, evidence showing the value of the land and the price for which it had been subsequently sold by the mortgagee is irrelevant.

Although in equity cases the decision will be based upon the evidence introduced without objection, regardless of the pleadings, yet it is the duty of the court to exclude testimony which is wholly irrelevant to the pleadings, when objection is made.

*Appeal from Superior Court, Spokane County.*

*Jones, Belt & Quinn,* for appellant.
*Kinnaird & Happy,* for respondents.

The opinion of the court was delivered by

STILES, J.—The husband of appellant had executed a chattel mortgage upon the machine in question to the Aultman-Taylor Company in 1888, when it was located at his place of residence in Rice county, Minnesota; and at a later date, in order to obtain consent of the mortgagee to its removal to this state, he and appellant gave additional security for the debt covered by the chattel mortgage, in the shape of a second mortgage on a farm in Minnesota. While the first mortgage on the farm was being foreclosed in April, 1889, an agent of the mortgagee called upon Davis in this state, and made an arrangement whereby the legal title to the farm was conveyed to the mortgagee, in form, but subject to a memorandum contract from which the actual arrangement appears to have been that the mortgagee should make all reasonable effort for the period of six months to sell the equity in the land for enough to pay off the chattel mortgage indebtedness upon which the notes and chattel mortgage were to be surrendered; but upon failure to so sell, the chattel mortgage was to remain in full force.

Appellant brought this action, alleging that the conveyance of the land in which she joined was intended to be, and was represented to her to be, in satisfaction of the chattel mortgage debt; and that she had thereafter become the owner of the machine by purchase from her husband for a valuable consideration. Respondent Hinchcliffe was the sheriff of Spokane county, in whose hands the chattel mortgage was placed for foreclosure by notice, and this suit was brought to restrain a proposed sale.

The evidence showed that the deed and accompanying contract were forwarded to the Aultman-Taylor Company, at Mansfield, Ohio, the home of the corporation. The deed was delivered in Spokane county, April 11, 1889, and it was claimed for the respondent company that the whole transaction was repudiated by it as soon as it became aware of its terms, it being at liberty to do so because its agent had no authority to enter into any such engagement or do anything but collect money. May 11, 1889, another agent, having general powers, induced Davis to endorse a cancellation upon the special contract, but retained the contract in his possession, and caused the deed which he claimed to have offered to return, to be recorded in Rice county, Minnesota, in June following. Subsequently the land was bought in by the Aultman-Taylor Company at the foreclosure sale under the first mortgage, and a re-sale was made of it to third parties. Whether the deed of Davis and wife, which was on record, assisted in the final disposition of the full title is not clear, and is not material. Appellant maintains, upon the case presented, that she should have had judgment under the rule that a purchaser of the equity in mortgaged land who takes subject to the mortgage cannot recover against the mortgagors the debt for which the land was pledged. *National Investment Co. v. Nordin*, 50 Minn. 336 (52 N. W. Rep. 899); *Dickason v. Williams*, 129 Mass. 182; *Tice v. Annin*, 2 Johns. Ch. 127.

But, whether we concede the special contract to have been set aside or not, it remains that the title was not, in this case, conveyed subject to any mortgage, either first or second. The deed contained nothing upon the subject, and if the recording of the deed after Davis had written his cancellation of the special contract, were to be taken as sufficient to keep the arrangement in force, the terms of the latter instrument were not such as to sustain the appellant's claim that the chattel mortgage was to be forth-

with canceled.   Under proper pleadings, it may be that she would be entitled to have the company account for the proceeds of the land, or its just value, before her property could be sold; but her action was not brought to accomplish any such purpose, and although it was of an equitable nature, the court below did not err in rejecting testimony which was irrelevant to the issues on trial.   In equity cases, if evidence is introduced without objection which would entitle a party to relief, the decision will be based upon it, without regard to the pleadings which are treated as amended.   But in equity cases, no less than in actions at law, it is the duty of the court to exclude testimony which is wholly irrelevant to the pleadings, when objection is made.   Thus the action complained of, viz., that the court rejected offers to show the value of the land, and the sum for which it was sold, was not error, because under the pleadings no question involving those matters could arise. If the land had been conveyed in consideration of a promised discharge of the chattel mortgage it would have made no difference to the appellant what the land was worth or what it sold for.   To have made those questions relevant, the complaint must have been amended so as to completely alter the theory of the case.

Judgment affirmed.

DUNBAR, C. J., and ANDERS, SCOTT and HOYT, JJ., concur.