[No. 1384. Decided March 1, 1895.]

JENNIE BRUNDAGE *et al.*, *Respondents*, v. THE HOME SAVINGS & LOAN ASSOCIATION OF MINNEAPOLIS, MINN., *Appellant.*

RECEIVERS — ALLOWANCE FOR COMPENSATION AND DISBURSEMENTS — EFFECT OF APPEAL.

After an appeal has been perfected from an order appointing a receiver, the lower court has no authority to take any steps or make any order in regard to the receivership.

When the appointment of a receiver is unwarranted, his possession of the property is wrongful, and he is not entitled to compensation for his personal services out of the trust funds in his hands, but he should be allowed the amount of his necessary and proper disbursements while in charge of the property, including reasonable compensation for attorney employed.

An allowance of $100 to a receiver as compensation for attorneys employed to institute a suit for the collection of $360 due for rent is excessive.

*Appeal from Superior Court, Spokane County.*

*Samuel R. Stern,* and *Lucien J. Birdseye,* for appellant.

The opinion of the court was delivered by

ANDERS, J.—This is an appeal from an order made by the superior court of Spokane county, discharging the receiver of certain mortgaged real property, granting him and his counsel allowances for services and disbursements, and passing the receiver's accounts. The court below, on September 27, 1893, appointed one Morris Fox, temporary receiver of the property described in the complaint in an action then pending, and upon October 17, 1893, after hearing upon affidavits, Fox's appointment was made permanent. He qualified on October 19, 1893, and an appeal from the order thus appointing him was taken and perfected on October 21, 1893, and a supersedeas bond given and filed on that day. The order appointing Fox temporary receiver limited his powers to the collection of rents, and reads as follows:

"Therefore, it is ordered that Morris Fox be and is hereby appointed temporary receiver over said property, and all moneys due and becoming due from said property for the purpose of receiving, collecting and holding the rents and income from the said property, and that he receive, collect and hold the said rents, income and moneys derived therefrom until the further order of this court and subject to the orders of this court."

By virtue of this order, Fox collected October 1, 1893, rent amounting to $67.00, and on October 17, 1893, insurance moneys amounting to $96.97, and

made no other collections until after November 1, 1893, which was after the supersedeas bond had been given and an appeal from the order appointing him perfected.   Notwithstanding the fact that the appeal had been duly perfected, the court permitted said Fox to testify as to amounts collected and matters attended to after this time, and confirmed his report with regard thereto, all against the objection of the appellant duly entered.   The court allowed the receiver for his services $175, and to two attorneys, whom he claimed it was necessary to employ (although not partners), $100, and ordered the discharge of the receiver and his bondsmen and passed his accounts, including items received and expended both before and after the perfecting of the appeal.   Aside from the objections to receiving and passing upon the report of the receiver and his accounts, it was urged by the appellant that the amounts allowed were grossly excessive and wholly unwarranted by the facts or by law.   And the point is made here that the superior court had no right to make any order after the appeal from the order appointing the receiver was perfected, and a supersedeas bond filed.

It was said by this court, in *State, ex rel. McDonald, v. Superior Court*, 6 Wash. 112 (32 Pac. 1072), that:

"The effect of giving the notices of appeals and supersedeas bonds as aforesaid was to remove said matters to this court, and to deprive the superior court of any jurisdiction to proceed in the premises otherwise than as to the preparation thereof for a hearing in this court in pursuance of said appeals."

And what was then said was based upon the provisions of our statute, which are that—

"When such bond, further conditioned as hereinabove prescribed, has been filed, the appeal shall

operate so long as it shall remain effectual under the provisions of this act to stay proceedings upon the judgment or order appealed from." Laws 1893, p. 123.

From this it clearly appears that the court below had no right to make any order or take any steps in regard to the receivership after the appeal to this court had been perfected. It follows that the receiver himself, being an officer of the court, was likewise deprived by the appeal of any further power to act, and everything done by him thereafter was done without authority of law. Upon the appeal to this court from the order appointing this receiver, we held that the court was not warranted in making the appointment. It therefore necessarily follows that the possession of the receiver was wrongful, and that the allowances made by the court as compensation for his services were not properly chargeable to the funds in his hands for the reason that such funds were the property of the appellant herein under the contract authorizing it to collect the rents and profits and have exclusive control of the property placed in the custody of the receiver. It is the policy of our law that the losing, and not the winning, party shall pay the costs. We see no objection to allowing the receiver the amount of his necessary and proper disbursements while in charge of the property, but for his own compensation he must look to the respondents at whose instance he was appointed. It seems that the attorneys employed by him were so employed by leave of the court, and they will be entitled to reasonable compensation for their services. But inasmuch as it does not appear that their services resulted in the collection of the money sued for, we think the amount allowed, viz., $100, was larger than it should have been. For aught that appears in the evidence, all that was done by them was to institute a suit

for the collection of $360 due for rent. For those services we think $50 is an ample compensation.

The order of the court discharging the receiver and his bondsmen, and allowing and passing the accounts of the receiver, is reversed, and the cause is remanded to the court below with directions to disallow the receiver's claim for personal services, and to reduce the amount of the compensation of his attorneys to the sum of $50.

HOYT, C. J., and SCOTT and DUNBAR, JJ., concur.