[No. 7619. Decided May 1, 1909.]

A. G. NESS, *Appellant,* v. GEORGE BOTHELL, *Respondent.*

GEORGE BOTHELL *et al., Respondents,* v. A. G. NESS, *Appellant.*[1]

APPEAL—REVIEW—PLEADINGS—AMENDMENTS. In an equity case tried *de novo* on appeal, it is not error to permit the amendment of the answer to conform to proof received without objection.

APPEAL—PRESERVATION OF GROUNDS—OBJECTION. Error cannot be alleged in the consolidation of actions for trial, or to allowing amendments to conform to the proofs, where the record shows that no objections were made below.

APPEAL—RECORD—STATEMENT OF FACTS—REVIEW—EVIDENCE. The judgment will not be disturbed on questions of fact in an equity case, where the certificate to the statement of facts shows that all of the evidence which was before the lower court is not brought up on appeal.

[1]Reported in 101 Pac. 702.

Appeal from a judgment of the superior court for King county, W. H. White, Esq., judge *pro tempore*, entered April 2, 1908, upon findings in favor of the defendants in an action for an accounting, consolidated with an action by defendants to establish a lien. Affirmed.

*Homer E. Turner* and *W. R. Bell*, for appellant.
*Chas. M. Fouts* and *Kitt Gould*, for respondents.

DUNBAR, J.—The above entitled actions were originally begun separately but, at the time of the trial, were consolidated by order of the trial judge. The first action, No. 59,670 in the lower court, was begun by appellant, A. G. Ness, to establish the fact that a copartnership existed between himself and the respondent George Bothell, and after that fact, to enforce an accounting between the copartners, and to obtain such relief as would be incident thereto. George Bothell appeared and, answering, denied the existence of the copartnership, but did not ask for any affirmative relief. Upon the trial of the case, the judge decided that no partnership relation existed between the respondent and appellant as to the subject-matter in controversy, and that the appellant was entitled to no relief. Afterwards the court allowed the respondent to amend its answer, setting up services rendered by respondent for the appellant, and judgment was given in favor of George Bothell and son against appellant, in the sum of $287.82. The second of said causes, numbered 59,671 in the court below, was instituted by the respondents George Bothell and son, for the purpose of establishing a mechanics' or laborers' lien upon certain logs upon which respondents claim to have performed labor. Appellant denied that respondents had performed the labor set forth in the complaint, and denied the right of the respondents to claim the lien. Upon the trial of the cause, the court found that the respondents had, in fact, performed the services al-

leged in the complaint, and that they were entitled to a lien upon the logs in controversy, and to a decree foreclosing the same. From the judgment and decree entered in the two causes as consolidated, this appeal is prosecuted.

The assignments are, that the court erred (1) in permitting the filing of the amended answer; (2) in rendering judgment in cause No. 59,670 in favor of the respondent; (3) in giving the respondent any affirmative relief in said cause No. 59,670; (4) in finding that no copartnership existed between appellant and respondent; (5) in rendering judgment in cause No. 59,671, and in finding that the respondents were entitled to a lien upon the logs in controversy; (6) in rendering judgment for foreclosure in favor of respondents in cause No. 59,671; (7) in refusing to grant the motion of the appellant for a nonsuit at the close of the trial of the cause No. 59,671.

The court did not err in permitting the filing of the amended answer. It has been the uniform ruling of this court that, in an equity case which is tried *de novo* here, the case will be tried upon the testimony, and the pleadings will be considered amended to meet the requirements of the testimony.

"In equity cases, if evidence is introduced without objection which would entitle a party to relief, the decision will be based upon it, without regard to the pleadings which are treated as amended." *Davis v. Hinchcliffe*, 7 Wash. 199, 34 Pac. 915.

"The question whether the complaint was or was not amended to correspond with the facts proven, is of no moment here. If there is a variance between the allegations and the proofs, this court is obligated by the statute to treat the complaint as amended, since the case comes to this court as one tried on its merits in which the appellant had full opportunity to present his defense." *Cunningham v. Lakin*, 50 Wash. 394, 97 Pac. 447.

It is insisted by the appellant that this answer completely changed the causes of defense, and injected altogether a

new issue into the trial of the cause. But the record shows
that in the first answer the respondent was content to deny
the allegations of the complaint, and made no demand for
relief. Under the statute, there is no mandatory provision
requiring the defendant to demand relief, but the answer
did not give notice of the issues which were to be tried in re-
lation to the offset or counterclaim. Paragraph 4 of the
affirmative answer is as follows:

"That at the same time, the plaintiff and this defendant
entered into a contract whereby this defendant agreed with
plaintiff to fell, cut and log the cedar timber located upon
said premises, and deliver the same in the Samamish river
in said county at Wright's Landing, and the plaintiff did
then and there agree to pay this defendant for the cutting,
felling, and logging of said cedar timber a reasonable and
the going price for the same."

This allegation was denied by the reply. In addition to
this, while the appellant states that this answer was permitted
to be filed over his objections, the record shows that no ob-
jections were made, and that no objection was made to the
consolidation of the two cases by the appellant. Page 18 of
the transcript, after rehearsing other orders and proceedings,
says:

"And thereupon the defendants rested, and the court con-
sidering that A. F. Bothell had an interest in the subject-mat-
ter of both actions, and that all the matters in controversy
should be determined and settled in a single action, and in
order to expedite such settlement and to prevent costs, or-
dered that said action No. 59670 and said action 59671
be and the same are consolidated, and the court further or-
dered that parties to said action as consolidated be allowed
to amend their pleadings to correspond to the proof herein,
and the further consideration of the consolidated action was
continued to April 2, 1908."

This record seems to be undisputed.

The respondent moves to dismiss this appeal for the reason,
among other things, that, as shown by the certificate of the

judge, the appellant failed to have transcribed and certified to this court in the statement of facts all the evidence that was taken in such causes in the trial court. The certificate of the judge is to the effect that the statement is as follows:

"I do further certify that the aforesaid statement of facts and amended statement of facts contain all the material facts, matters and proceedings heretofore occurring in said cause No. 59671, and not a part of the records herein. I do further certify that the foregoing statement of facts does not contain all the evidence introduced in said cause No. 59670."

So it will be seen that the statement of facts does not contain all the material facts and evidence offered in the case, for the record shows that it was stipulated in open court that the evidence in 59,670, so far as applicable, should be considered evidence in 59,671. It must follow that, if the evidence in 59,670, which is not certified to, was a part of the evidence in 59,671, then there is no proper certificate of the evidence in 59,671. In addition to this, upon the consolidation of the cases, they became one case in effect. But whether this question be considered with reference to the motion to dismiss or on the merits of the case, the result is the same. All the questions raised by the appellant, with the exception of the question in relation to the filing of the amended answer, are questions which depend upon the evidence. In an equity case the duty of this court is to ascertain what the rights of the parties are under the evidence, and it will be impossible to do that if the evidence is not all here. The plain contemplation of our statute as to appeals in equity is that the whole case as presented to the court below should be brought here before the court gets jurisdiction to in any manner interfere with the decree rendered in said court. *Smith v. State*, 5 Wash. 273, 31 Pac. 865. The appellant is seeking in a consolidated case to bring before this court a part of the evidence, and, under the uniform rulings of this court, the judgment of the lower court will not be disturbed on questions

of fact unless all the evidence which was before the lower court is brought before this court.

The judgment will therefore be affirmed.

RUDKIN, C. J., CROW, MOUNT, and FULLERTON, JJ., con-cur.