[No. 8084.   Department Two.   December 9, 1909.]

E. M. Brown, *Appellant*, v. William Haley, *Respondent*.[1]

EJECTMENT—DEFENSES—NECESSITY OF PLEADING — ISSUES AND
PROOF—GENERAL DENIAL.   Although the plaintiff in ejectment fails
to deraign his title, the defendant cannot, under a general denial,
introduce affirmative evidence to show title in himself by adverse
possession, under Bal. Code, § 5509, providing that the defendant
shall not be allowed to give in evidence an estate in himself or
right to the possession unless the same is pleaded in his answer.

APPEAL—REVIEW—AMENDMENTS TO CONFORM TO PROOF.   Where
testimony outside the issues is admitted against objection, in an
action at law tried by the court, the supreme court will not con-
sider amendments made to conform to the proof.

Appeal from a judgment of the superior court for Jeffer-
son county, Still, J., entered October 26, 1908, upon findings
in favor of the defendant, in an action of ejectment tried be-
fore the court without a jury.   Reversed.

*A. R. Coleman*, for appellant.

*A. W. Buddress*, for respondent.

Crow, J.—This action was commenced by E. M. Brown
against William Haley, to recover possession of land, with
damages for its detention.   The plaintiff alleged:

"(1)   That plaintiff is the owner in fee simple and is en-
titled to the possession of the following described lands and
premises in Jefferson county, Washington, to wit: (descrip-
tion).

"(2)   That defendant is wrongfully in possession of said
land and withholds the same, and the possession thereof,
from plaintiff, to the damage of plaintiff in the sum of one
hundred dollars."

The defendant denied each and every allegation of the
complaint.   On trial, the plaintiff produced deeds and other
written evidence sufficient to show the fee simple title in him-

[1]Reported in 105 Pac. 478.

self, deraigned from the United States government. Without disputing the execution or validity of any of these written instruments, the defendant by cross-examination of plaintiff's witnesses and by affirmative evidence introduced in his own behalf, was permitted to show facts tending to establish title by adverse possession in himself. To this evidence the plaintiff objected and saved exceptions. The trial court found for the defendant, and dismissed the action. The plaintiff has appealed.

Section 5508, Bal. Code, provides, that the plaintiff shall set forth in his complaint the nature of his estate, claim, or title to the property, that the defendant may set up a legal or equitable defense to plaintiff's claims, and that the superior title whether legal or equitable shall prevail. Section 5509, Bal. Code, provides that "The defendant shall not be allowed to give in evidence any estate in himself or another in the property, or any license or right to the possession thereof, unless the same be pleaded in his answer." Although the appellant in his complaint pleaded the nature of his title by alleging it to be in fee simple with right of possession, he failed to plead the various instruments by which he deraigned it from the United States government. The respondent failed to plead any title in himself, his answer being a general denial only. The appellant contends that the trial court erred, (1) in admitting respondent's evidence of adverse possession for the purpose of proving title in him, and (2) in its findings of fact, conclusions of law, and decree.

The controlling question before us is whether respondent should have been permitted to introduce affirmative evidence to show title in himself by adverse possession. He has presented a voluminous and well prepared brief in support of his position that under the issues the evidence was properly admitted. It is not necessary that we should enter upon a discussion of each and every point he has discussed. They all involve the single contention that, by reason of appellant's failure to allege the various deeds and instruments through

which he deraigned his title, respondent was entitled under his
general denial to show any facts sufficient to establish adverse
title in himself. In other words, he contends that the defend-
ant in an action to recover possession of real property may,
under a general denial, introduce any affirmative evidence
showing or tending to show title in himself, should the plain-
tiff in the first instance fail to deraign his title by the allega-
tions of his complaint. In support of this contention he cites
*Parker v. Dacres*, 1 Wash. 190, 24 Pac. 192; *Carkeek v.
Boston Nat. Bank*, 16 Wash. 399, 47 Pac. 881; *Chrast v.
O'Connor*, 41 Wash. 360, 83 Pac. 238.

None of these cases sustain respondent's present conten-
tion. They in effect hold that, when the plaintiff does not
deraign his title by the allegations of his complaint, the de-
fendant, under a general issue, may attack and dispute with
affirmative evidence such evidence of title as the plaintiff
offers. In *Parker v. Dacres*, the defendant not only an-
swered by a general denial, but also pleaded title in himself
under a mortgage foreclosure and sale. So far as the de-
fendant's right to prove, under the general issue, an adverse
or outstanding title in himself, was concerned, no such ques-
tion arose; but under the denial he was permitted to prove
facts which in equity were sufficient to estop the plaintiff's
grantor, one Steil, from asserting title adverse to the fore-
closure sale pleaded by the defendant and under which he
held the property.

In *Carkeek v. Boston Nat. Bank*, an equitable action to
enjoin an execution sale of lands in King county, it was held
that where the reply for the first time alleged a certain title
to other lands in Mason county, without deraigning the same,
the defendant would be permitted to introduce evidence of
fraud, for the purpose of defeating such alleged title in
Mason county which was only incidental to the main issue in
the case. In *Chrast v. O'Connor*, it was held that where the
defendant alleged title generally, without deraigning it, the
plaintiff under the general denial of his reply might intro-

duce evidence to show that a deed offered by the defendant, as a part of his chain of title, was a forgery. In all of the above cases the affirmative evidence offered and admitted under the general denials tended directly to negative the evidence or claim of the adverse party. Here the respondent failed to introduce any evidence whatever to destroy the probative force or verity of the appellant's evidence. He made no attack on the execution, validity, sufficiency, or form of the deeds and other instruments, which indisputably and conclusively supported appellant's claim to the fee simple record title. Respondent's only evidence was in the nature of an avoidance of appellant's title, not to disprove the same, but to affirmatively show an independent title in himself by adverse possession. This evidence was, under the issues, admitted in direct violation of the positive prohibition of Bal. Code, § 5509, for instead of disproving appellant's title, respondent thereby sought to affirm his own without pleading the same. *Allen v. Higgins*, 9 Wash. 446, 37 Pac. 671, 43 Am. St. 847; *Garvey v. Garvey*, 52 Wash. 516, 101 Pac. 45.

Respondent now contends that his answer should be amended to comply with the proofs made; and that this court should consider all amendments that could have been made in the trial court. Had the evidence been admitted without objection, there might be some merit in this contention. The evidence was not only inadmissible under the pleadings and statute, but it was at all times vigorously assailed by appellant, who now, with much force, contends that no amendment can be ordered by this court to comply with evidence admitted over his objection, and that an amendment can only be allowed after trial when evidence sufficient to warrant it has been admitted, without objection. This is consistent with the rule announced in *Ness v. Bothell*, 53 Wash. 27, 101 Pac. 702, cited by the respondent, where this court, quoting from *Davis v. Hinchcliffe*, 7 Wash. 199, 34 Pac. 915, said:

"The court did not err in permitting the filing of the

amended answer.   It has been the uniform ruling of this court that, in an equity case which is tried *de novo* here, the case will be tried upon the testimony, and the pleadings will be considered amended to meet the requirements of the testimony.   'In equity cases, if evidence is introduced without objection which would entitle a party to relief, the decision will be based upon it, without regard to the pleadings, which are treated as amended.' "

This is not an equity case, nor was the evidence introduced without objection.   The respondent did not ask permission to amend during the trial.   Had he done so, the appellant, on claiming surprise or showing his lack of preparation to meet the new issue, would have been entitled to a continuance.   It would be an injustice to now allow an amendment to comply with proofs made under such circumstances.   On the entire record, we conclude that the judgment should be reversed and a new trial granted, with permission to either party to amend his pleadings upon proper application.   It is so ordered.

RUDKIN, C. J., MOUNT, PARKER, and DUNBAR, JJ., concur.