[No. 8422.   Department One.   January 26, 1910.]

W. J. PICKERING, *Respondent*, v. H. G. RICHARDSON, *Appellant*.[1]

APPEAL—PARTIES ENTITLED TO APPEAL—RECEIVERS.   A receiver representing.creditors, and defending an action to foreclose a chattel mortgage on the property, is entitled to appeal from the judgment.

RECEIVERS—ACTIONS AGAINST—CHATTEL MORTGAGES—ESTABLISH-MENT—PROCEEDS OF PROPERTY SOLD.   After a receiver's sale of personal property under an order of court in the receivership, it is error to allow a mortgagee to prosecute an action to foreclose a mortgage thereon and allow attorney's fees provided in the mortgage; since the mortgage lien could have been established in the receivership, and after the receiver's sale becomes a lien to be allowed against the proceeds without the penalty for attorney's fees and unnecessary costs of the independent action.

Appeal from a judgment of the superior court for Thurston county, Rice, J., entered June 19, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in consolidated actions for the foreclosure of chattel mortgages.   Affirmed in part and reversed in part.

*Troy & Sturdevant*, for appellant.
*D. C. Conover*, for respondent.

CHADWICK, J.—The plaintiff in this case instituted two actions against defendant Richardson as receiver of the Shore Lumber Company, and others, to foreclose two certain chattel mortgages covering property which had formerly been in the possession of the Shore Lumber Company, but had been sold by the receiver under an order of the court made in an action prosecuted by McIntosh & Swan against the Shore Lumber Company and H. Wilson.   These actions were begun against the receiver after permission of the court had been first obtained.   The first mortgage covered certain sawmill

[1]Reported in 106 Pac. 614.

machinery which had been leased to the Shore Lumber Company by the Bates Brothers Lumber Company. The Shore Lumber Company, in which the Bates Brothers were stockholders, being embarrassed, sold this machinery to one H. Wilson, who made a note and mortgage for $900 direct to plaintiff, who was a creditor of the Bates Brothers Company. The second mortgage covered certain logs and lumber formerly owned by the Shore Lumber Company. This mortgage was made by H. Wilson in favor of R. W. and O. G. Bates, and by them assigned to plaintiff. These actions were consolidated for trial. Judgments were rendered in favor of plaintiff. One appeal is prosecuted so that both cases are before us for review. The receiver's sale is not now attacked. Plaintiff asserts that he is seeking only to subject the proceeds of the sale to the satisfaction of his judgments. The record shows that other claims against the property have been asserted in the receivership case.

A motion is made to dismiss the appeal, for the reason, as it is alleged, that a receiver has no right of appeal. In some cases, as for instance from an order distributing the funds of the estate, it is usually held that a receiver has no right of appeal; but where the duty is put upon him of defending the assets of the estate or protecting it from unwarranted or unlawful claims, we do not understand that this right has ever been denied. Alderson, Receivers, § 246; Beach, Receivers, §§ 295, 296; *Bosworth v. Terminal R. Ass'n*, 80 Fed. 969; *Felton v. Ackerman*, 61 Fed. 225; 17 Ency. Plead. & Prac., 874.

See, also, *Hallam v. Tillinghast*, 11 Wash. 20, 52 Pac. 329. The motion to dismiss is denied.

This brings us to the main issue. Without deciding that it was proper practice, but admitting for the purpose of this case that respondent had a right to institute the two independent actions against the receiver, we think that the judgments of the court cannot be allowed to stand without some modification. Although a sale had occurred, the property—

the proceeds of the sale—was, at the time these actions were instituted, in the custody of the court. It is not consistent to hold to any rule that would authorize a trial court in thus putting its two arms in conflict or in combat to the disadvantage of its own agent. Respondent had his remedy and might have sought it in the receivership proceeding, which from its very nature is an invitation to all who have claims against, or assert an interest in, the property of the estate. Respondent ratified the sale, and thus forfeited any right that he might have theretofore had to foreclose against the property. There was nothing to foreclose. The object of a foreclosure is to sell specific property to satisfy a lien upon it. The property being sold by a court of competent jurisdiction, the sale being ratified, and the funds being in the hands of an officer of the court, respondent's remedy was against the fund, and the trial court should have thus directed the proceeding rather than permitted the independent actions which could result in nothing but added expense and embarrassment to the estate and funds under its control. For that reason we shall not allow any costs, other than what is known as court costs, upon the $900 mortgage, which was properly adjudged a lien on the proceeds of the sale. We can give no more effect to the judgment than to hold that it is an establishment of the claim to the amount due on the $900 note with interest and court costs, but without the attorney's fee provided in case of suit; for the suit was unnecessary, and the attorney's fee operates only as a penalty. This cannot be allowed as against others who have an interest in the insolvent estate.

The point is also made that there is nothing in the record to show that Wilson ever obtained title to the lumber and logs, the property described in the $300 mortgage made by him in favor of Bates Brothers. Respondent says in his brief that the testimony of respondent shows that he did have title, but a careful reading of the testimony fails to disclose anything that would warrant such a finding. Mr.

Pickering disclaims any knowledge of the sale to Wilson by the Shore Lumber Company. This mortgage was made to R. W. and O. G. Bates, but there is nothing in the record to show that the Shore Lumber Company ever transferred the property to the Bates Brothers or to Wilson. Upon the present record the amount realized from the sale of the property described in the $300 mortgage is rightfully in the hands of the receiver and subject to the debts and expenses of administration of the insolvent estate.

The judgment of the lower court, in so far as the $900 mortgage is concerned, will be affirmed, less the amount of attorney's fees allowed by the court. As against this amount appellant may offset the actual cost of advertising and conducting the sale of the sawmill property, without any allowance for attorney's fees. *Brundage v. Home Sav. & Loan Ass'n*, 11 Wash. 288, 39 Pac. 669. The lower court will find this item and enter judgment accordingly. In so far as the court has adjudged the foreclosure of the $300 mortgage and directed payment out of the funds in the hands of the receiver, its judgment will be reversed. Appellant will recover costs on appeal.

RUDKIN, C. J., FULLERTON, MORRIS, and GOSE, JJ., concur.