[No. 15138.   Department Two.   April 14, 1919.]

George Francis Rowe, *Respondent and Cross-Appellant,* v. Josevig-Kennecott Copper Company, *Appellant.*[1]

Parties (3)—Real Party in Interest—Effect and Proof of Assignment.  In an action to recover for services in selling corporate stock, there is no defect of parties from the fact that two other persons were interested with plaintiff in the claims, where plaintiff offered in evidence an assignment to him of such claims, regular on its face, with signatures admittedly genuine.

Appeal and Error (162)—Necessity of Findings of Fact.  In an action tried by consent as one in equity for an accounting, it is wholly within the discretion of the trial court whether to make findings of fact or not.

Cross-appeals from a judgment of the superior court for King county, Dykeman, J., entered June 3, 1918, upon an accounting, in an action for services, tried to the court on the merits.  Affirmed.

*Merritt, Lantry & Merritt,* for appellant.

*Walter B. Allen* and *Robt. T. Hodge,* for respondent.

Parker, J.—This action was originally commenced in the superior court for King county as an action at law, in which the plaintiff, Rowe, sought recovery of compensation for services rendered by himself to the defendant copper company in acquiring its mining properties, and in the sale in the market of a large amount of its treasury capital stock.  Because of the affirmative allegations of the defendant's answer and its demand for an accounting from the plaintiff for moneys of the defendant alleged to have been received by him, the action was, by consent of counsel for both parties, tried by the court without a jury as an action

[1]Reported in 180 Pac. 413.

in equity for an accounting. At the conclusion of the trial, the court rendered judgment in favor of the plaintiff and against the defendant for the sum of $5,000, from which defendant appealed. Thereafter the plaintiff also appealed from that judgment, claiming that he was entitled to a larger recovery. The trial court made no findings of fact or conclusions of law.

It is first contended in behalf of the company, that there was a defect of parties plaintiff, in that all persons interested in the claims sued upon were not joined as parties plaintiff. It appeared during the trial that two persons other than Rowe might have some interest with him in selling the company's treasury stock. A motion was then made by counsel for the company to dismiss the action because such persons were not named as parties. Before the motion was ruled upon by the court, counsel for Rowe produced a written assignment from these two persons, assigning all of their interests in the claims of Rowe to him. Thereupon the trial court denied the motion to dismiss. The contention that the court erred in denying the motion is rested upon the theory that the assignment was not in fact executed and delivered. This contention presents only a question of fact. The signatures to the assignment are admitted to be genuine and it is in other respects regular upon its face. We are quite convinced, as the trial court evidently was, that the evidence shows that the assignment was in fact executed and delivered to Rowe for the purpose of removing all question as to the two persons having any interest in Rowe's claims against the company. We conclude that the court did not err in refusing to dismiss the case in compliance with this motion.

It is next contended in behalf of the company that the trial court should have made formal findings of fact and conclusions of law, as requested by counsel for the company. Since the action was by consent of counsel for both parties tried as one in equity for an accounting, and the issues were plainly such as to call for trial upon that theory, it was wholly within the discretion of the trial court whether or not findings of fact should be made. *Smith v. Dement Bros. Co.,* 100 Wash. 139, 170 Pac. 555; *Wishkah Boom Co. v. Greenwood Timber Co.,* 100 Wash. 472, 171 Pac. 234.

Upon the merits, both parties are here contending for a more favorable judgment than was rendered by the trial court. We have read all of the evidence produced upon the trial as found in the abstract thereof, and have carefully inspected all of the numerous exhibits. There is no discussion of any question of law or citation of any legal authority touching the merits of the case to be found in the briefs of counsel for either party. A review of the evidence here would be but to notice and analyze a large number of involved facts, the result of which would not tend to the elucidation of any legal principle or the application thereof. Touching this main branch of the case, we do not feel called upon to say more than that we are of the opinion that the trial court was fully warranted in arriving at the conclusion it did.

The judgment is affirmed. Neither party shall recover costs in this court.

Chadwick, C. J., Fullerton, Holcomb, and Mount, JJ., concur.