[No. 19772. Department One. April 1, 1926.]

· SOPHIA DARRELL, *Respondent,* v. DANIEL SALWT, *Appellant.*[1]

[1] APPEAL (317)—STATEMENT OF FACTS—CERTIFICATION. Error cannot be assigned in an equity case upon the admission of evidence, the denial of a motion for nonsuit, the finding for the plaintiff and the failure to find for defendant, where only part of the evidence, namely, one-fourth thereof, is brought up by the statement of facts, although it is certified to contain all the testimony of the plaintiff and of the defendant.

[2] SAME (162)—NECESSITY OF FINDINGS OF FACT—EQUITABLE ACTIONS. Findings of fact are not necessary in an equity case and error cannot be assigned upon failure to make the same.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 26, 1925, upon findings in favor of the plaintiff, in an action for fraud, tried to the court on the merits. Affirmed.

*H. E. Foster,* for appellant.

*G. F. Vanderveer* and *S. B. Bassett,* for respondent.

TOLMAN, C. J.—This is an action in equity to recover money and real property alleged to have been obtained by the defendant from the plaintiff by fraud. After a trial on the merits, the plaintiff had judgment below awarding her the relief prayed for, and the defendant has appealed.

Error is assigned upon the admission of evidence, the denying of a motion for nonsuit, the finding for the plaintiff, the failure to find for the defendant and because of refusal to make formal findings of fact. All but the last are determinable only from a complete record of the trial below. Instead of such a record, we

[1]Reported in 244 Pac. 563.

12—138 WASH.

have here a statement of facts certified by the trial judge to be—

" . . . a partial statement of facts in said cause, to-wit: about one-quarter of the testimony introduced, . . . " though it is further certified to contain all of the testimony of the plaintiff and of the defendant, with the objections thereto and the rulings of the court thereon.

[1] This, being an equitable proceeding, is triable *de novo* here, and, disregarding evidence improperly received, we should arrive at our judgment by a consideration of all of the competent evidence which was introduced and considered below. Obviously, we are unable to do so under this record. Assuming that the plaintiff may not have made a case by her own testimony, we can not assume that the remaining three-fourths of the evidence, not here, failed to so supplement and complete the case as to entitle her to recover. Or, assuming that the testimony of the defendant, standing as it does by the record brought here, shows a good defense, still we can not assume that the remaining evidence not here did not entirely shatter that defense. Under authority of *Mauseth v. Slayden,* 104 Wash. 512, 177 Pac. 319, and other cases both before and since, too numerous and too familiar to justify citation, we are compelled to hold that there is nothing here save only the last error assigned upon which we can pass.

[2] The last error is based upon the refusal of the trial court to make findings of fact. That such findings are not required to be made in an equity case, is so thoroughly settled that nothing remains to be said on the subject. *Smith v. Dement Brothers Co.,* 100 Wash. 139, 170 Pac. 555; *Wishkah Boom Co. v. Greenwood Timber Co.,* 100 Wash. 472, 171 Pac. 234; *Rowe v.*

*Josevig-Kennecott Copper Co.,* 106 Wash. 455, 180 Pac. 413.

The judgment appealed from must be, and it is, affirmed.

FULLERTON, PARKER, HOLCOMB, and MAIN, JJ., concur.