[No. 22029. Department One. July 1, 1930.]

EDWARD CLIFFORD et al., Respondents, v. LEROY W. CALLARMAN et al., Appellants, R. G. SCRIBNER et al., Respondents.[1]

*Paul Shaffrath* and *Benton Embree,* for appellants.
*Kenneth Durham,* for respondents.

MILLARD, J.—This is an action in equity brought by respondents to quiet title to certain lands as against a lien notice filed by appellants, who, by cross-complaint, sought to foreclose the claimed lien. The cause was tried on the merits to the court, resulting in the entry of a decree, without findings of fact, adjudging such claimed lien to be invalid and quieting respondents' title. From that decree, this appeal is prosecuted.

Error is assigned upon the adjudging of the lien

[1]Reported in 289 Pac. 1013.

claim as invalid, the dismissal of the cross-complaint seeking foreclosure of the lien, and in quieting the title of the respondents.

Only a part of the evidence is brought up by the statement of facts. Counsel argue that the record presents only the question of whether the appellants are entitled to a lien; that the trial court refused to make a finding as to the value of the labor performed and materials furnished by the appellants, or the amount due or owing to them therefor, and determined only the legal question whether the appellants have a lien upon the fee; therefore the appellants have brought to this court in the statement of facts only such of the evidence as is necessary or material to the determination of the only question decided below.

The court made no findings of fact. Such findings are not required to be made in an equity case. *Darrell v. Salwt*, 138 Wash. 353, 244 Pac. 563. By their cross complaint, the appellants alleged that, under their contract for clearing the land of the respondents, they had performed labor and furnished materials of the value of seven hundred dollars, of which three hundred dollars had been paid by George L. Cassidy, respondents' vendee; and that notice of lien had been timely filed. By reply, the respondents denied that the labor and materials were of a value in excess of the three hundred dollars paid by Cassidy; and also denied, among other things, that the claim of lien was filed within the period required by the statute.

An issue of fact was made, and upon that issue, testimony was regularly taken. The statute under which appellants claim a lien provides that the lien upon the property is for labor performed or the materials furnished at the request of the property owner, his agent or contractor.

"Any person who, at the request of the owner of any real property, his agent, contractor or subcontractor, clears, grades, fills in or otherwise improves the same, or any street or road in front of, or adjoining the same, has a lien upon such real property for the labor performed, or the materials furnished for such purposes." Rem. Comp. Stat., § 1131.

■ The first fact necessary to ascertain is whether the appellants have a lien and the amount thereof. That we can not do, as all of the evidence has not been brought to this court by the statement of facts. The trial judge has certified that the statement of facts contains all the material facts, matters and proceedings occurring in the cause which are necessary or material to a determination of the question whether the appellants have or are entitled to a lien upon the respondents' lands, "which question is involved in the cause and was decided by the trial judge in his memorandum decision of the cause." The certificate of the trial judge then states that part of the evidence is omitted from the statement of facts.

". . . but if material on appeal the said statement of facts does not contain or embody all of the evidence introduced in the cause on behalf of either the plaintiffs and the additional defendants, or on behalf of the defendants, Callarman and Elmslie, respecting the amount, character or extent of the work performed by the defendants, Callarman and Elmslie, upon said lands or the value of the work and labor or materials performed or furnished by them in making said improvements or the value of such improvements. The plaintiffs introduced evidence that the value of the work was less than the amount the defendants had been paid and the defendants introduced evidence that the work was of greater value than the amount paid. . . . Plaintiffs except to above certificate and exception allowed."

This is an equitable proceeding, hence triable *de novo* in this court. The cause was tried on the merits

in the court below. The appeal is prosecuted from the whole decree. The question presented is dependent upon the evidence. All of the evidence is not here. The whole decree may not be appealed from without the entire case as presented to the court below being brought here by the appellant. *Smith v. State*, 5 Wash. 273, 31 Pac. 865.

We held in *Smith v. State, supra,* that on appeal in an equitable cause, where an issue of fact has been made and testimony taken, it is necessary that a statement ·of facts be brought up for review, although the only question the appellant desires to raise is as to the constitutionality of a statute. That case was brought to this court simply upon the record, without any statement of facts being made a part thereof. We said:

"If the appellant had demurred to the complaint, or in any other way confined its appearance in the court below to the raising of the simple question which it now desires to raise here, it could undoubtedly have had a review of the proceedings upon such questions without bringing here anything more than the record showing the question thus raised and the pleadings or other facts applicable thereto. But in the case at bar appellant did not content itself with simply raising this question. It made an issue of fact, and upon such issue testimony was regularly taken, and a finding made by the court. To sustain this appeal upon the grounds contended for by appellant would be to hold that part of a case in equity as presented to the court below could be brought here for review. This we are unable to do. The plain contemplation of our statute as to appeals in equity is, that the whole case as presented to the court below should be brought here before the court gets jurisdiction to in any manner interfere with the decree rendered in said court. It is doubtless true that a part of a decree may be appealed from, but that fact in no manner aids the contention of the appellant that the whole decree may be appealed from,

without the entire case as presented to the court below being brought here by the appellant.''

That rule was followed in *Ness v. Bothell,* 53 Wash. 27, 101 Pac. 702, wherein we said:

"All the questions raised by the appellant, with the exception of the question in relation to the filing of the amended answer, are questions which depend upon the evidence. In an equity case the duty of this court is to ascertain what the rights of the parties are under the evidence, and it will be impossible to do that if the evidence is not all here. The plain contemplation of our statute as to appeals in equity is that the whole case as presented to the court below should be brought here before the court gets jurisdiction to in any manner interfere with the decree rendered in said court."

See, also, *Darrell v. Salwt, supra.*

It will be presumed that the court's decree is supported by evidence other than that which the statement of facts discloses, where the statement of facts is shown not to contain all the evidence adduced, therefore the decree is affirmed.

MITCHELL, C. J., PARKER, and TOLMAN, JJ., concur.

BEALS, J., concurs in the result.