[No. 23214. Department One. July 7, 1931.]

ANNA J. CLEBANCK, *Appellant,* v. ROBERT NEELY *et al., Respondents.*[1]

[1]Reported in 1 P. (2d) 239.

*Philip Tworoger,* for appellant.

*Riddell, Brackett & Fowler,* for respondents Thomas N. Fowler and Riddell & Brackett.

*Robert G. Cauthorn,* for respondents Rosenbaum and Nieder.

MAIN, J.—The plaintiff brought this action to recover a money judgment, and to foreclose a claimed landlord's lien on certain personal property. After the action had been instituted, at the request of the plaintiff a receiver was appointed to take charge of the property.

The plaintiff was the owner of an apartment house in the city of Seattle. The defendants Robert Neely and wife were lessees thereof, and, were, to a considerable amount, in arrears in the payment of rent. After his appointment, the receiver took charge of the furniture and furnishings of the apartment house, which had been removed therefrom and placed in a store room at 1206 Stewart street.

In November, 1926, and prior to the institution of this action, Neely and wife had given to one Ethel J. Abbott a bill of sale covering the furniture and furnishings in question, which bill of sale was duly recorded in the office of the county auditor of King county. The plaintiff, at the time the action was instituted, had constructive notice that the bill of sale had been given.

Subsequent to the appointment of the receiver in the present action, Mrs. Abbott brought an action to determine the ownership of the furniture and furnishings, and to restrain the sheriff from selling the same upon the judgment which the plaintiff had recovered against Mr. and Mrs. Neely. To that action, the plaintiff in the action now before us, Mrs. Clebanck, the receiver and the sheriff were made parties. It resulted

in a judgment that the furniture and furnishings were owned by Mrs. Abbott. No other property or money came into the possession of the receiver. After the property had remained in storage for approximately two years, it was turned over to Mrs. Abbott.

The owners of the store room in which it was placed filed in the receivership proceeding a claim for the rent of the store room for the period mentioned. The court found that the reasonable rental for that period was the sum of five hundred dollars. It also fixed the receiver's compensation at five hundred dollars, and that of his attorneys at two hundred fifty dollars. These three items, together with a small item which the receiver had expended, constituted the costs of the receivership proceeding. The court in its judgment charged all the items against the plaintiff, Mrs. Clebanck, and from this judgment she appeals.

No formal findings of fact and conclusions of law were made, and for this reason the appellant first contends that the judgment should be reversed. Whether findings of fact and conclusions of law are necessary depends upon whether the action is one at law or in equity. The appointment of a receiver is one of the prerogatives of a court of equity, exercised in aid of its jurisdiction, in order to enable it to accomplish, as far as possible, complete justice between the parties before it. *Washington Iron Works Co. v. Jensen,* 3 Wash. 584, 28 Pac. 1019; 34 Cyc. 17.

The action being one in equity, no findings of fact and conclusions of law were required. *Colvin v. Clark,* 96 Wash. 282, 165 Pac. 101; *Darnell v. Salwt,* 138 Wash. 353, 244 Pac. 563; *Clifford v. Callarman,* 157 Wash. 546, 289 Pac. 1013. The court did not err, therefore, in failing to make formal findings of fact and conclusions of law.

■ It is next contended that the court erred in entering in this proceeding a judgment against the appellant for the amount of the storage. Where a receiver is appointed at the request of a party asserting a cause of action, which subsequent developments show did not exist, it is not error for the court to charge to the one who procured the appointment the costs and expenses of the receivership. *Brundage v. The Home Savings & Loan Assn.*, 11 Wash. 288, 39 Pac. 669; *Lohman v. Claussen*, 55 Wash. 408, 104 Pac. 624; *Smith v. Weed*, 75 Wash. 452, 134 Pac. 1070.

In the case now before us, the appellant, in securing the appointment of a receiver, asserted that Mr. and Mrs. Neely were the owners of the furniture and furnishings in question, and sought to establish a lien thereon; and, subsequently, in an action to which the appellant was a party, it was finally adjudged that the property was owned by Mrs. Abbott. The trial court properly charged to the appellant the costs and expenses of the receivership.

■ It is said, however, as already stated, that the judgment for the rent should not have been entered against the appellant in the receivership action. In *Dunlap v. Seattle National Bank*, 93 Wash. 568, 161 Pac. 364, the court quoted with approval from 1 Pomeroy, Equity Jurisprudence (4th ed.), p. 239, § 181, as follows:

"When a court of equity has jurisdiction over a cause for any purpose, it may retain the cause for all purposes, and proceed to a final determination of all the matters at issue."

In High on Receivers (4th ed.), page 964, it is said:

"And where a receiver has been appointed improperly and without authority of law, as subsequently held by the court, and after exhausting all the funds in his hands, there remains a balance due for rent of the

premises occupied for the purpose of carrying on the business of the receivership, the lessor to whom such balance is due is entitled, by petition in the receivership proceeding, to compel the payment of such balance by the plaintiff upon whose application the receiver was appointed.''

There was no error in rendering against the appellant in the receivership proceeding a judgment for the costs and expenses of the receivership.

Objection is made to the amount allowed by the trial court to the receiver for his services as such, and to his attorneys. Without reviewing the evidence upon the amount of the service rendered by the receiver and his attorneys, but after giving it due consideration, we are of the opinion that the sum fixed as compensation in each instance was reasonable and proper.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.