State of Delaware, Respondent, vs. Gray, Receiver, Appellant.

*April 27—June 2, 1936.*

For the appellant there were briefs by *Bloodgood, Kemper & Passmore,* attorneys, and *Eric Wm. Passmore* of counsel, all of Milwaukee, and oral argument by *Mr. Passmore.*

For the respondent there was a brief by *Lecher, Michael, Whyte & Spohn,* attorneys, and *Ralph M. Hoyt* of counsel, all of Milwaukee, and oral argument by *Mr. Hoyt.*

FAIRCHILD, J. The motion to dismiss the appeal must be denied. A receiver is regarded as an executive officer of a court of chancery. The property held by him, under the proceedings, is held for the benefit of whomsoever may ultimately establish title to it. He is therefore required to protect the estate from claims not lawfully allowable. As suggested by respondent, in support of its motion to dismiss the appeal, a receiver, acting within the scope of his authority as given by the court, incurs no personal liability. But, in protecting the estate against liabilities the legality of which is seriously challenged, a receiver, in this state, may appeal as a "party aggrieved," from an order in the suit, when authorized to do so by the court. *McKinnon v. Wolfenden,* 78 Wis. 237, 47 N. W. 436; Beach, Receivers, §§ 295 and 722; *Pickering v. Richardson,* 57 Wash. 117, 106 Pac. 614.

At the time of determining the merits of the respondent's claim, the trial court authorized the receiver to take an appeal from its decision to this court. By some oversight that order was not entered in the minutes, but after the appeal was taken, the receiver, under provisions of sec. 274.32, Stats., made proper application for completion of the record so as to show that an appeal was authorized, and such order was duly made. We are of the opinion that this requires a denial of respondent's motion.

The trial court's ruling that the respondent was entitled to recover on its claim for the franchise taxes due for the years 1931, 1932, and 1933 must be sustained. The receiver was appointed, among other things, to operate the business of the corporations in the usual course. In compliance with the order appointing him, the existence of each corporation was maintained. The advantage of the continuing of their existence was appropriated by the receiver. In this case, the receiver succeeded the officers and the directors of the corporations in the control and management of a business. The corporations' names and their good will were thus availed of by the receiver, with the approval of the court, during the years for which the fees due the state of Delaware are claimed. *Duryea v. American Woodworking Mach. Co.* (C. C.) 133 Fed. 229.

Both corporations came into existence by virtue of the laws of the state of Delaware. In order to continue as corporate entities, they were required by the laws of that state to pay the franchise taxes which fell due while such existence was maintained. This existence so continued until April 1, 1934. These franchise taxes not having been paid when they accrued, the appellant failed to pay charges for which the corporations were liable. These fees were expenses of administration within the terms of the order, as well as "taxes of such an order that the corporation, by failing to pay them," could not lawfully use its corporate existence in the conduct of the business.

It is suggested, because the statute of the state of Delaware declares the franchise tax to be a debt for which the state is entitled to a preference in case of insolvency, it leaves the claimant with only a right to priority over general creditors, but they were not obligations incurred by the corporations prior to receivership. The receiver exercised a right granted by the state of Delaware, the right to operate the corporations under the corporate names, for the exercise of which

that state required payments annually of this franchise tax. The receiver should therefore pay the tax. The provisions of the Delaware law as to priority of claims for franchise taxes obviously relate to their priority when filed as claims against the corporations on indebtedness falling due prior to the receivership. The claims are not of that class. The corporate names were used, and thus the obligations arise out of the receiver's administration of the affairs of the corporations under the order of the court. 3 Gerdes, Corporate Reorganizations, § 1181. The appellant, under the order of the court, was placed under a duty to pay these taxes. *Michigan v. Michigan Trust Co.* 286 U. S. 334, 52 Sup. Ct. 512; *Standard Embossing Plate Mfg. Co. v. American Salpa Corp.* 113 N. J. Eq. 468, 167 Atl. 755.

*By the Court.*—Order affirmed.