[No. 11622.   Department Two.   March 27, 1914.]

## H. P. Brown *et al.*, *Appellants*, v. The City of Anacortes, *Respondent.*[1]

Municipal Corporations—Improvements— Sewers — Districts— Statutes—Construction.   An original improvement for a trunk sewer, under 3 Rem. & Bal. Code, §§ 7892-15, 7892-16, is not controlled by Id., §§ 7892-13, 7892-14, providing that, when the special benefits from a local improvement extend beyond the boundaries of the local improvement district theretofore described, the city council may create an enlarged district which shall include, as near as may be, all the property especially benefited; hence it is not necessary, in assessing for a trunk sewer for which no laterals were to be constructed at that time, to include in the assessment district outlying property which would be benefited when laterals were constructed and connected with the trunk sewer, without making an enlarged district as required by Id., § 7892-14.

Same—Trunk Sewers—Assessments—Districts—Discretion — Review.   The requirement that an ·assessment for a trunk sewer shall include, as near as may be, all the territory which can be sewered and drained through the sewer, is not mandatory, but implies that the council shall exercise some discretion in determining whether the district shall conform strictly to topographical conditions; hence an assessment will not be set aside for failing to include all property that could be sewered through the sewer, where it does not appear that such property could not be sewered into other sewers; and the assessment district fixed will not, on appeal, be changed unless the council acted arbitrarily.

Same—Sewers—Assessments—Districts.   The fact that a tunnel is necessary to sewer certain property into a trunk sewer, or that it could be sewered by a separate sewer system at an expense of $6 per lot less than by laterals connecting with the trunk sewer, does not preclude the assessment of the property as not topographically within the district, where it could be practically sewered into the trunk sewer and the cost thereof was reasonable as compared with any other system.

Costs—Apportionment—Discretion.   Under Rem. & Bal. Code, § 493, providing that in all actions or proceedings other than those mentioned, where no provision is made for the recovery of costs,

[1]Reported in 139 Pac. 652.

they may be apportioned in the discretion of the court, upon the modification of an assessment for a trunk sewer, it is discretionary to refuse to allow costs to the objecting parties.

Appeal from a judgment of the superior court for Skagit county, Houser, J., entered May 26, 1913, upon findings favorable to the city, confirming an assessment roll as modified, upon appeal from the city council. Affirmed.

*Quinby & Driftmier*, for appellants.

*Norvell & Norvell*, for respondent.

MOUNT, J.—In August, 1912, the city council of Anacortes passed a resolution declaring its intention to construct a trunk sewer down M avenue, in that city, the cost and expense of which would be paid by assessments upon the property specially benefited. This resolution required all persons objecting to the improvement to appear before the city council on a certain date and to present their objections. The resolution also required the city engineer to prepare maps and a plan of the improvement, and also the estimated cost and expenses thereof, and a statement of the proportionate amount thereof to be borne by each lot specially benefited. Thereafter the resolution was published as required by law. The city engineer filed with the city clerk a map, plans, and estimate for the work.

Thereafter, protests were filed by several property owners. These protests were denied by the council, and an ordinance was passed authorizing the improvements, and a contract was let for the work. After the assessment roll was made up, certain property owners protested against the same. These protests were denied in part and in part sustained. The assessment roll was changed to conform to the modification. Certain property owners thereafter appealed to the superior court from the order of the city council fixing the assessment. Upon the appeal to the superior court, certain findings were made and a judgment was entered modifying

the assessment roll in certain particulars. This appeal is prosecuted from that judgment.

Several errors are assigned by the appellants, but these assignments are argued under four points, which will be considered in their order. The appellants first argue that the city council never obtained jurisdiction to proceed in any manner toward the construction of the sewer, and all their acts were therefore void. The appellants state this point substantially as follows: The proposed improvement in this case was the construction of a trunk sewer down M avenue, in the city of Anacortes, from the alley between Nineteenth and Twentieth streets on the south side to tide water on the north. No laterals or sub-sewers were to be constructed in connection therewith, so that the only property which could connect with said trunk sewer was the property actually abutting on M avenue between the points named. However, it was to be so constructed that laterals could be, at any time found necessary, connected therewith, which laterals were to reach out beyond such abutting property to outlying property and be the means of connecting such outlying property with the trunk sewer; the theory being that, because such outlying property could some time be so connected with the trunk sewer, therefore it was benefited thereby and should pay a just proportion of the cost and expense of the trunk sewer. The appellants then say:

"Our contention is, that the creation of an assessment district which would include such outlying property, is the creation of that kind of a district as is contemplated under § 14 of the Laws of 1911, p. 448, relating to local improvements, and is what is known as an enlarged district."

Section 14 (3 Rem. & Bal. Code, § 7892-14), is then quoted to the effect that, whenever any local improvement shall be of such nature or character that the special benefits resulting therefrom extend beyond the boundaries of the local improvement district heretofore described and defined, the city council may create an enlarged district, which shall include, as near

as may be, all the property specially benefited by such improvement. It is then argued by counsel for the appellants that this is an enlarged improvement district and because the provisions of § 13 of that act (Id., §7892-13) were not followed, that the city council was without authority to order the improvement.

We are satisfied that §§ 13 and 14 do not control this improvement. As heretofore stated, this is an improvement for the construction of a trunk sewer and is controlled by §§ 15 and 16 (Id., §§ 7892-15, 7892-16) of that act, and not by §§ 13 and 14, as argued by the appellants. The record shows that the city followed the provisions of §§ 15 and 16 and, having done so, it is plain that the city had full power to create the district and assess the cost and expenses of the improvement to the property specially benefited thereby. This is an original improvement and not an enlarged district. We think there is no room for argument upon this question.

The appellants' second point is, that the court erred in not requiring the city to assess a part of block 147, a part of block 148, and all of block 149, upon which was situated the Columbia school, for the reason that the court found that these blocks were topographically within this assessment district and could be drained through the M avenue sewer. It is true that the statute provides that the district shall be outlined in conformity with topographical conditions, and shall include, as near as may be, all the territory which can be sewered and drained through such trunk sewer and subsewers connected thereto. But we think these provisions of the statute are not mandatory, because the statute says the city shall include, as near as may be, all the territory which can be sewered and drained through the trunk sewer. The words "as near as may be" imply that the city shall have some discretion in determining whether or not the topography of the country shall be regarded strictly or for the best interests of the city or the property owners. The trial court did not find that

these blocks could not be sewered into other sewers. In the case of *Spokane v. Fonnell*, 75 Wash. 417, 135 Pac. 211, we said:

"We have frequently held that the action of the commissioners in fixing the limits of the district and in determining what property is in fact benefited in apportioning the cost of improvement, in the absence of fraud or action clearly arbitrary, will not be disturbed by the court. The commissioners being appointed for the very purpose of doing these things, their action is entitled to the same presumption which attends official action in other cases, and is conclusive in the absence of mistake, fraud or arbitrary discrimination amounting to an abuse of discretion."

And in *Spokane v. Miles*, 72 Wash. 571, 131 Pac. 206, we said:

"Assessment districts must have a point of beginning and a point of termination. The fixing of these extremes often presents many perplexing questions upon which there would be a never ending variety of opinion. It is, therefore, of the first importance that some definite rule be laid down for the guidance of trial courts. The best rule that has been announced, and the only practicable working rule, is that the courts should not change the district established by the commissioners, except where the commissioners have acted arbitrarily or fraudulently or have proceeded upon a fundamentally wrong basis."

Numerous other cases might be cited to the same effect. It is true, these expressions were used in street improvement cases; but we think the same rule must apply in cases of trunk sewer improvements, and that whether certain property should be placed within or without an assessment district depends largely upon the surrounding circumstances. And in this case, we have nothing upon which to base a judgment opposite to that of the council and the trial court, except the mere finding that these blocks could have been drained into this sewer. But that of itself is not alone sufficient to overturn the judgment of the council and the trial court.

The appellants next contend, that all the property of the

appellants should have been excluded from the assessment district, because the court found that the appellants' property could be sewered by means of a separate sewer system at an expense of $6 per lot less than by means of laterals connecting with the M avenue sewer, as proposed by the plan of the city. But the court also found that all of the property of the appellants could be practicably drained and sewered into the M avenue trunk sewer by tunneling through the ridge which extends along K avenue and north of Eighth street, and that the cost thereof will be reasonable as compared with any other system, as to all the property of the appellants, both north and south of eighth street and west of K avenue. It is contended by the appellants, as we understand their argument, that because it is necessary to tunnel in order to connect their property with the M avenue sewer, that therefore their property should not be included within the district, and is not topographically within the district. We think the fact that a tunnel may be necessary is of no special importance, and does not necessarily mean that the topographical conditions demand that the property of the appellants be drained to some other sewer. When the court found that their property could be practicably sewered into the M avenue sewer, and that the cost thereof would be reasonable as compared with any other system, such finding was sufficient to sustain the judgment of the trial court.

The appellants next argue that, because there was a modification of the assessment as provided for in the ordinance, that costs should have been taxed in favor of the appellants in the superior court. Rem. & Bal. Code, § 493 (P. C. 81 § 1313), provides:

"In all actions and proceedings other than those mentioned in this chapter, where no provision is made for the recovery of costs, they may be allowed or not; and if allowed, may be apportioned between the parties, in the discretion of the court."

We think it was discretionary, under this statute, whether the court should allow costs, or whether they should be apportioned; and it was not an abuse of discretion to refuse to allow costs.

We find no error in the record, and the judgment is therefore affirmed.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.