[No. 13026.   Department One.   May 12, 1916.]

FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Appellant*, v.

SPOKANE MERCHANTS' ASSOCIATION, *Respondent*.[1]

PRINCIPAL AND SURETY—BOND OF CONTRACTOR—PUBLIC WORK—FILING CLAIMS—WAIVER.   Where the state and a contractor on public work agreed to arbitrate disputes as to the classification of the work and to disburse the amounts found due by payment 1st, of all unpaid labor claims, 2d, claims of materialmen, and 3d, the balance to the contractor, the agreement for arbitration waived the provisions of the statute requiring the filing of claims against the contractor's bond, given to secure lien of labor and materials furnished under the contract.

COSTS—PARTIES LIABLE—TRUSTEE OF FUND—PREVAILING PARTY—APPORTIONMENT.   In an action for an accounting of a fund of nearly $30,000, deposited with a trustee to be disbursed in the payment of labor and material claims, costs should not be awarded against the trustee, where it performed its duties in good faith, making errors only in minor particulars, and the plaintiff prevailed to the extent of only $122, upon a claimed balance of over $6,000.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered May 21, 1915, upon findings in favor of the defendant, in an action on contract, tried to the court.   Affirmed.

[1]Reported in 157 Pac. 464.

*Danson, Williams & Danson (George D. Lantz,* of counsel), for appellant.

*J. B. Campbell* and *Samuel R. Stern,* for respondent.

MOUNT, J.—This action was brought by the plaintiff to recover from the defendant $6,321.56. The complaint alleged that, on the 1st day of June, 1911, there was due to Ilse & Elliott from the state of Washington on account of certain road construction the sum of $29,935.61; that Ilse & Elliott were indebted for labor and material furnished them on account of said road in the sum of $26,729.86; and there were other claims being asserted, none of which were their debts; that, at that time, for the purpose of discharging their debts, and for the purpose of protecting labor and materialmen for labor and material furnished in the construction of said road, the state of Washington and said Ilse & Elliott agreed to deposit said money with the defendant, Spokane Merchants' Association, to be used for the payment of such labor and material claims owing by Ilse & Elliott.

"That said Spokane Merchants' Association received the said fund of $29,935.61 on the terms and conditions hereinbefore alleged, and thereafter disbursed to the payment of the said indebtedness of said Ilse & Elliott the sum of $23,614.56, and no more, and at all times since has held the remainder of said fund, to-wit: $6,321.05, and has failed and refused, and still fails and refuses, to account to, and pay the same to, said Ilse & Elliott."

For answer, the defendant admitted that it had received from the state of Washington the sum alleged, but denied that it had failed or refused to pay the said money out as directed, and denied that it had failed or refused to account to Ilse & Elliott for the money intrusted to it as aforesaid. There were some additional affirmative answers which it will not be necessary to notice.

Upon these issues, the case was tried to the court without a jury, and findings and a judgment were entered to the effect that $1,336.11 was paid without authority by the defendant, and the defendant was ordered to pay this sum to other creditors who were not paid in full; and $122.89 wrongfully paid upon one claim was ordered paid to the plaintiff. The plaintiff has appealed from that judgment.

The evidence has not been brought here for review. The facts, as found by the trial court, are, in substance, as follows: That, on June 9, 1910, Ilse & Elliott entered into a contract with the state of Washington for the construction of state aid road No. 71, in Spokane county, Washington; that, at the time this contract was entered into, a bond was given, as required by law, to the state of Washington, for the faithful performance of the contract; that thereafter Ilse & Elliott entered upon the performance of their contract; that, on September 10, 1910, they sublet a portion of the work to one Nick Mandic, who agreed to perform a certain portion of the road work upon the same terms and at the same prices as were provided for by the original contract between Ilse & Elliott and the state; that Mandic agreed to pay Ilse & Elliott the sum of $2,000 for the privilege of doing this work; that a bond was entered into by Mandic for the faithful performance of his part of the work, which bond ran in favor of Ilse & Elliott; that, thereafter, on November 28, 1910, Ilse & Elliott were indebted in a large amount for labor and material furnished in the performance of their contract, which debts they were unable to pay; that Mandic likewise was indebted in a large sum for labor and materials furnished in the performance of his part of the work, which he was unable to pay; that Ilse & Elliott were claiming they had not received proper classifications from the state of Washington on the work which had been performed by themselves, and also by Mandic under the subcontract; that negotiations were had between Ilse & Elliott and the state with reference to the disputes as to the amount due them for

the work performed, and it was agreed that the disputes should be left to arbitration, and that any amount found due by the arbitrators should be binding upon the parties, and should be disbursed,

"(1) All unpaid labor claims which represented contractual obligations on the part of said Ilse & Elliott, and which had been performed on said state aid road No. 71; (2) the remainder to the payment of all materialmen and all others who had claims against Ilse & Elliott or the state of Washington by virtue of the construction of said state aid road No. 71 after all laborers had been paid; (3) all amounts remaining to be paid to said Ilse & Elliott;"

that, prior to December 20, 1910, certain of the creditors of Ilse & Elliott placed their claims with the defendant for collection, and certain of the creditors of Nick Mandic had placed their claims against him with the defendant for collection; that, on or about that date, for the purpose of protecting their creditors, Ilse & Elliott gave an order in favor of the defendant, on the state highway board, for all moneys due or to become due under the arbitration contract; and, at the same time, Mandic gave an order upon Ilse & Elliott in favor of the defendant for all money due or to become due on account of the subcontract with Ilse & Elliott, which order recited:

"The intent and purpose of this order is that all moneys due me may be paid to the Spokane Merchants' Association and they pay said moneys out to my creditors for material or labor supplied and performed upon said road as described in said arbitration contract hereinbefore referred to;"

that, thereafter, the arbitrators found that there was due a balance of $29,935.61 from the state to Ilse & Elliott for work performed by them, and also by Mandic; that this sum was thereafter paid to the defendant upon the orders hereinabove referred to; that this sum was not sufficient to pay all undisputed and disputed claims, but was sufficient to pay a little more than eighty-one per cent of such claims; that the defendant, after receiving the money, investigated the

character of the claims, paid all undisputed claims, and determined that most of the disputed claims were valid and paid them, taking a bond from the holders of disputed claims to the effect that, if the disputed claims should turn out to be wrongfully paid, that the money would be refunded. The court found that some of these claims were wrongfully paid, for which the appellant was not liable, aggregating $1,-336.11, and ordered that this money should be applied in payment of claims which should have been paid, and that no part of it should be paid to Ilse & Elliott, or their assignee, the plaintiff in this case.

The court also found as follows:

"None of the creditors whose names are listed under either labor or material claimants in the disputed items heretofore mentioned, ever filed any claims in the office of the Highway Commission as provided by the statutes of this state; and Ilse & Elliott, by making the agreement for arbitration with the state of Washington and by giving the orders mentioned in findings 18 and 19 and by making the agreement with defendant to receive the sums due and disburse same as stated, waived the provisions of the statutes of this state with reference to the filing of claims."

The appellant makes two contentions here: First, that it was the duty of the holders of disputed claims to file the same under the statute with the board of highway commissioners so that the same should become a lien against the bond given by Ilse & Elliott to the state, and that the application of the fund in payment of claims not enforceable against the bond was unlawful.

The disputed claims were contracted by Mandic in the performance of his subcontract. The evidence is not brought here for review. We are, therefore, bound by the findings of the trial court. As we have seen, the trial court found that, in making the agreement for arbitration and in making the agreement that the defendant receive the sums due and disburse the same as stated, the defendant waived the provisions of the statute of the state with reference to the filing of the

claims. We think this must of necessity have been correct; otherwise, the state would not have turned the money over upon the order of the contractors until the debts were paid. The arbitration was, in effect, a settlement of the differences between the state and Ilse & Elliott, the principal contractors. Mandic, being a subcontractor, was a creditor of Ilse & Elliott. They received pay for his work from the state; and Mandic gave an order on Ilse & Elliott in favor of the defendant in order that it might pay the claims for labor and material furnished in the construction of the road. It must of necessity, we think, have been the idea of all the parties interested that the defendant should pay both the disputed and the undisputed claims which were, or could have been at that time made a lien upon the money, either in the hands of the state or in the hands of the defendant in trust. We have no doubt that it was the intention of the parties to have these claims paid if they were justly due and entitled to be paid for work and material furnished upon the contract. The fact that the court found that there was a waiver of the statute is conclusive that the parties so intended, especially when no evidence is brought here upon the question.

The appellant next contends that the court erred in awarding costs in favor of the defendant. The defendant in this case was a trustee. The money due Ilse & Elliott from the state, and also due Mandic from Ilse & Elliott on the contracts, was placed with the defendant to be disbursed to creditors entitled thereto. The court found that, acting in good faith, the defendant had disbursed all the money; and also that there was not enough money to pay all the claims. The action was clearly one for an accounting. It is strictly an equitable action. While the plaintiff benefited to the extent of about $122, we think that fact, under the circumstances of the case, did not require the court to tax the costs in favor of the plaintiff. The defendant was a trustee by authority of Ilse & Elliott and Mandic. It performed its

duties in good faith; and even though it erred in minor particulars, it ought not, it seems to us, to be required to pay the costs of this case, where there was no bad faith and where the plaintiff did not prevail to any substantial amount. In such cases, the court is authorized to apportion the costs, or tax them all against either party. *Brown v. Anacortes,* 79 Wash. 33, 139 Pac. 652; *Croup v. DeMoss,* 78 Wash. 128, 138 Pac. 671; *Churchill v. Stephenson,* 14 Wash. 620, 45 Pac. 28.

We find no error, and the judgment is therefore affirmed.

MORRIS, C. J., ELLIS, FULLERTON, and CHADWICK, JJ., concur.