[No. 14893.    Department Two.    October 15, 1919.]

AUGUST WEIFFENBACH, *Appellant*, v. PUGET SOUND BRIDGE & DREDGING COMPANY et al., *Respondents.*[1]

EVIDENCE (185)—OPINION EVIDENCE—SPECIAL KNOWLEDGE—VALUES. In a subcontractor's action for an accounting upon a county building contract, the superintendent for the county is a competent witness as to the amount and reasonable value of extras claimed, even though his allowance thereof as superintendent may not have been conclusive under the contract.

CONTRACTS (101) — CONSTRUCTION — EXTRAS. In an action on a subcontract, requiring performance "in strict accordance" with the general contract, which plainly provided for bronze window casings, plaintiff cannot claim that his contract provided for galvanized iron, and that the bronze constituted an extra.

COSTS (4, 17)—APPORTIONMENT—EQUITY—DISCRETION. The apportionment of costs in an equitable suit rests in the discretion of the court.

SAME (4). A subcontractor's action on a contract for a county building is an equitable one, in which costs may be apportioned, where it seeks a restraining order against the county and involved a long accounting between the parties, and the complaint on its face was in the nature of a lien foreclosure.

SAME (8)—PREVAILING PARTY—EXCESSIVE CLAIM. Where plaintiff, in an equitable case, filed an outrageously excessive and fraudulent claim for extras and falsely testified that it was correct, and the amount allowed him was never disputed, costs are properly awarded in favor of the defendants.

Appeal by plaintiff from a judgment of the superior court for King county, Jurey, J., entered July 23, 1917, upon findings allowing a part of plaintiff's claim, in an action on contract, tried to the court.    Affirmed.

*Preston & Thorgrimson, Frederick C. Kapp, Edwin H. Flick,* and *Flick & Paul,* for appellant.

*Roberts & Skeel,* for respondent Puget Sound Bridge & Dredging Company.

*Fred C. Brown* and *Howard A. Hanson (S. M. Brackett,* of counsel), for respondent King county.

[1]Reported in 184 Pac. 321.

MOUNT, J.—This action was brought to recover $14,510.69, a balance alleged to be due the plaintiff upon a subcontract for certain construction upon the King county courthouse, and also for $79,200.33 for alleged extras furnished upon that building. The complaint prays for a judgment against the Puget Sound Bridge & Dredging Company for $95,696.82, with interest; for an attorney's fee of $7,500; for such judgment against King county as may protect the plaintiff in case judgment may not be enforced against the other defendants; and for an order restraining King county from making further payments to the Puget Sound Bridge & Dredging Company. The bonding companies were made parties because of being sureties upon the main contractor's bond for the faithful performance of the original contract. Several defenses were interposed by the Puget Sound Bridge & Dredging Company and the county. The defendants admitted the balance alleged to be due upon the contract, but denied the amount claimed as extras, and, by cross-complaint, alleged damages for imperfect work and materials and delay in the performance of the work. Upon these issues the case was tried to the court without a jury. The trial occupied six weeks' time of the trial court. The record is voluminous. The trial involved an accounting between the county, the original contractor and the subcontractor, and the reasonable value of the work and materials claimed as extras. At the conclusion of the trial, the court found that the county was indebted to the principal contractor, the Puget Sound Bridge & Dredging Company, in the sum of $33,616.67; that the Puget Sound Bridge & Dredging Company was indebted to the plaintiff in the sum of $33,276.93; and ordered that the amount found due from the county to the Puget Sound Bridge & Dredging Company be deposited with the clerk of the superior court; that the

amount due the plaintiff be paid from that fund; and that, after certain amounts found due the interveners had been paid, the balance be paid to the plaintiff. The court also ordered that the defendants were entitled to their costs. The plaintiff has appealed from that decree.

The principal facts may be briefly stated as follows: In July, 1914, King county entered into a contract with the Puget Sound Bridge & Dredging Company by which that company agreed to construct a courthouse for an agreed sum. This contract was for a building consisting of a basement and two stories, according to plans and specifications, but provided that additional stories might be added within a given time. Thereafter, on August 18, 1914, the appellant entered into a subcontract with the Puget Sound Bridge & Dredging Company, by which contract the appellant agreed to furnish and install in the building all doors and trim, plate glass, hardware, outside windows, skylights, galvanized-iron cornices, etc., for an agreed sum. Thereafter, at the option of the county, three additional stories were added to the building, the work to be done at an agreed price, according to plans and specifications furnished and made a part of the contract. The subcontract between appellant and the Puget Sound Bridge & Dredging Company provided as follows:

"Whereas, the party of the first part (appellant) has examined said plans and specifications and the contract of second party with King county, Washington, and is familiar therewith, now therefore, it has been and is hereby now agreed by and between the parties hereto;

"First: That first party will do all of the work and furnish all of the material necessary and required to be done by and under the plans and specifications hereinabove referred to, in the construction and installation of all the doors and trim, all plate glass, all hard-

ware, all outside windows and hardware and plate
glass, all roofing, all skylights, all metal windows and
glass and all galvanized iron cornices, including every-
thing incidental to and in connection with all of the
above named items, construction and installation, all
to be done in strict accordance with the contract of
second party with King county, Washington, and the
plans and specifications of King county as furnished
to second party, and the first party does expressly
agree to and in all things conform to all the require-
ments of King county, its architect and its superin-
tendent of buildings, and to install all of said above
work and material under the said contract and speci-
fications to the entire satisfaction of King county, its
architect and superintendent of buildings.''

After the building was completed, an itemized claim
for extras was made by appellant to the Puget Sound
Bridge & Dredging Company, and in turn by that com-
pany to the county. This claim was referred to Mr.
Aldrich, superintendent of construction for the county,
who, after examining the same, certified that the county
was liable to the Puget Sound Bridge & Dredging Com-
pany for the sum of $33,616, from which should be
deducted $5,100 for defective work. Appellant claimed
a larger sum, and afterwards filed notice of a claim
against the county and the sureties upon the con-
tractor's bond, in accordance with the statutes relating
to bonds of contractors upon public works, and brought
this suit. No money judgment was demanded against
the county. The relief demanded against the county
was that appellant have

"such judgment against said county of King as may
be necessary to protect said plaintiff in the event of
the failure of the judgments against any of the remain-
ing defendants, to the extent that such judgment may
be proper by reason of permitting the withdrawal of
funds by the general contractor [the Bridge Company]
in the face of the claims of plaintiff herein;''

and that the county be restrained from making further payment of reserved percentage to the Puget Sound Bridge & Dredging Company.

We find it unnecessary to mention all the points raised by the appellant. One of the points is that the trial court erred in following the allowance made by Mr. Aldrich. The respondents claimed upon the trial that the findings of the superintendent were conclusive of the amount and reasonable value of extras. The trial court was inclined to this view, but refused to so rule and went into the merit of each claimed item and the reasonable value of each article and the time neces-. sary to install the work; and finally concluded, upon conflicting evidence, that the allowance made by the superintendent was correct upon all the items in dispute. We are of the opinion that the trial court properly so found. We shall, therefore, not follow the argument of counsel, or the evidence, upon many items in dispute; nor upon the question of the qualifications of the superintendent to pass upon the items, except as a witness as to values. As to these matters, his evidence was clearly competent.

One of the principal items in dispute was whether the outside window casings were to be of bronze or galvanized iron. It is claimed by the appellant that the contract provided for iron, but that he was required to substitute bronze, for which he claimed an extra amounting to $6,600. It is plain from the original contract that these window casings were to be of bronze, and a reference to the paragraph of the subcontract, above quoted, makes it plain that appellant was to do his work "in strict accordance with the contract of second party with King county." So the trial court properly found that this item was not an extra.

Appellant finally contends that the court erred in assessing costs against the appellant. It is argued that

the action is a law action and that, since appellant obtained judgment, he was entitled to his costs, under Rem. Code, § 476. We have held that the apportionment of costs in an equitable suit rests in the discretion of the court. *Seward v. Spurgeon,* 9 Wash. 74, 37 Pac. 303; *Churchill v. Stephenson,* 14 Wash. 620, 45 Pac. 28; *Brown v. Anacortes,* 79 Wash. 33, 139 Pac. 652; Rem. Code, § 493.

There can be no doubt that this was an equitable action, because the complaint prays for a restraining order against the county and for equitable relief. The trial of the case involved a long accounting between the parties, and the complaint upon its face is in the nature of a lien foreclosure seeking to hold the sureties upon the statutory bonds of the original contractor. The decree entered was a decree in equity. If there can be a case where the plaintiff is liable for costs, though he succeed in part, this is such a case, for here the appellant filed an outrageously excessive and fraudulent claim for extras and testified that it was correct, when it was afterwards clearly proved to have been made fraudulently. The amount allowed to the appellant by the court was never disputed by any of the respondents. For all these reasons, we are satisfied that the trial court properly awarded costs in favor of the respondents.

We find no error, and the judgment appealed from is therefore affirmed.

HOLCOMB, C. J., PARKER, BRIDGES, and FULLERTON. JJ., concur.