[No. 15969. Department One. November 30, 1920.]

A. L. JOHNSON et al., Respondents, v. ADAM ROSE et al.,
Appellants.[1]

RECEIVERS (2, 8)—ACTIONS IN WHICH APPOINTED—GROUNDS—PRES
ERVATION OF PROPERTY. In an action by a landlord to cancel a
lease for default and obtain possession, the clause in the lease for
a reentry on breach of conditions does not preclude the appointment
of a receiver, if necessary for the protection of the property.

PLEADING (110)—AMENDMENTS—COMPLAINT—SUBJECT-MATTER AND
GROUNDS. A complaint to cancel a lease and recover possession of the
leased premises may be amended when the change made was only
in the amount and form of the recovery sought.

SAME (99)—AMENDED PLEADINGS—RIGHT TO AMEND—WHERE AN
SWER IS CONFESSION. The plaintiff may amend his complaint notwithstanding that its allegations are admitted by the answer, entitling him to a judgment on the pleadings.

PLEDGES (17)—ENFORCEMENT—DECREE—FORM. A judgment foreclosing security for rent is not objectionable as awarding personal
judgment for the deficiency, where, as a whole, it is clear satisfaction
will follow a sale of the property.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered March 14, 1919,
in favor of the plaintiffs, in an action on contract, tried
to the court. Affirmed.

*Harry L. Parr* and *Ben S. Sawyer,* for appellants.
*Troy & Sturdevant,* for respondents.

FULLERTON, J.—On June 23, 1918, the respondents,
Johnson leased to the appellant Adam Rose a certain described lot in the city of Olympia, with the hotel
building thereon, for a term of five years at a monthly
rental of $100 per month payable on the 23d day of
each month during the time of the lease. The lease
contained the usual covenants for its faithful performance and provided that, in the case of a breach of any

[1]Reported in 193 Pac. 700.

of its conditions, the lease was to be deemed cancelled and of no further effect, and the lessors entitled to re-enter and take possession of the property. At the time of the execution of the lease, and as a part of the same transaction, the lessee executed and delivered to the lessors an instrument in writing, denominated in the record a bill of sale, wherein, after reciting that it was made in pursuance of an agreement to give security to insure the faithful performance of the covenants of the lease, it is recited that the lessees

"do hereby sell, convey and set over to [the lessors] all of the furniture and furnishings of the hotel and the stock of goods contained in a store situate in the hotel building, as collateral security. . . . to the extent of one thousand dollars, as security for the performance of all the terms and conditions of said lease that are applicable to himself as lessee, and in the event that the said Rose shall default in any of the covenants of the lease on his part, then the said lessors are hereby directed and authorized to take possession of said goods and chattels and personal property hereby pledged as security, and immediately sell the same, and from the proceeds may retain the full sum of one thousand dollars as liquidated damages, and the remainder of the sale price if any there be shall be paid by the party making such sale to the said A. Rose, his heirs or assigns."

After the execution of the foregoing instruments, Rose entered into possession of the leased property and operated it for some months, when he sublet the premises to one Landres, and put him in possession thereof. Default was made in the payment of the rental falling due in the months of November and December, 1918, whereupon the respondents began the present action to recover the rental due and foreclose the instrument given as security. Both the lessee, Rose, and the sub-lessee, Landres, were made parties to the action.

Landres, immediately after the service of process upon him, abandoned the premises, leaving the property unprotected, whereupon the respondents applied for a receiver to take charge of the property pending the litigation. A temporary receiver was appointed on the presentation of the application, which appointment was, after notice, made permanent. The appellant, Rose, alone appeared in the action. He first moved to discharge the receiver, which motion being overruled, he answered, admitting the allegations of the complaint, and tendering to the respondents judgment against himself for the amount alleged to be due. After the service and filing of the answer, the respondents applied for, and, over the objection of the appellant, were granted, leave to amend their complaint. In the amended complaint they set forth the lease, the giving of the instrument as security for the performance of the lease, and alleged a breach of the lease, and that by reason thereof they had been damaged in the sum of one thousand dollars. Issue was taken on the amended complaint by answer, and a trial had, which resulted in a decree in favor of the respondents for the sum of one thousand dollars, for the foreclosure of the instrument given as security, and for a sale of the property therein pledged. This appeal is from the decree entered.

The appellant first assigns error on the order of the court appointing the receiver. It is argued that the respondents were entitled, under the conditions of the lease, to re-enter the premises for a breach of condition, and having this remedy of re-entry, a receiver was unnecessary, and hence it was error to appoint one. But conditions of this sort in a lease are rather fictions of the law than realities. However stringent they may be, they do not authorize a forcible re-entry of the leased premises by the landlord over the objec-

tions of, and contrary to, the will of the tenant. The tenant is entitled to his day in court before he is ousted, to show, if he can, that there has been no breach of the conditions of the lease. To afford him this right the landlord has usually, and the respondents had in this instance, no other alternative than to commence a proceeding in the court in the regular way. After commencing such a proceeding, they were entitled to the remedies the law affords them, and if it was necessary to the protection of their rights to appoint a receiver of the property, they were entitled to that remedy; and this, despite the conditions of the lease providing for re-entry on breach of condition. The showing, as we view the record, amply justified the order of the court.

The second assignment is that the court erred in allowing an amendment to the complaint. In support of this, two contentions are made: first, that by the original complaint the respondents elected their remedy, and "thereby waived their right thereafter to sue for liquidated damages, even though full recovery" could not be had under the original complaint; and second, that the answer of the defendant amounted to a confession of judgment, and was thus as final and determinative of the action as if the court had pronounced judgment; and that, since the confession had the effect of a final judgment, it could not be set aside without a showing that would warrant the vacation of a judgment, and that there was no such showing made.

We cannot subscribe to either of these contentions. Whether, conceding the amendment allowed changed the remedy from that originally sought to another radically different in kind, it would be fatal to the judgment entered, we need not here determine, as we are clear that no such change was made. The remedy

sought was the same in both complaints. Each sought to recover damages claimed to be due arising from the breach of the lease, and to foreclose the lien given to secure the payment of such damage. The change was only in the amount and form of the recovery. An amendment of a complaint in this respect is clearly allowable, whatever may be said of an amendment which changes the nature of the cause of action.

As to the second contention, the answer, since it admitted the allegations of the complaint, undoubtedly authorized the entry of judgment in accordance with the complaint, but it is not our conception of the rules of practice that the plaintiff is entitled to no other relief. The right of amendment is conferred by statute. It rests in legal principles, and is exercised in the furtherance of justice. The right does not depend upon nor is it controlled by the will of the other side, and we see no reason why it may not be exercised by a plaintiff in a case where the allegations of the complaint are admitted, as well as in a case where the allegations are denied. The amendment, we think, was properly allowed.

Finally, objection is made to the form of the decree. It is said that it is in effect a personal judgment against the appellant, permitting an execution against him for any deficiency which may remain after the pledged property is sold and the sum received therefor is applied to the amount recovered as liquidated damages; whereas, the instrument forming the basis of the recovery does not provide for a deficiency judgment. But while the decree is somewhat inaptly worded, its tenor as a whole makes it clear that satisfaction will follow a sale of the property.

The decree is affirmed.

HOLCOMB, C. J., PARKER, BRIDGES, and MACKINTOSH, JJ., concur.