[No. 17623. Department One. March 2, 1923.]

MINNIE L. RICHARDSON, *Respondent*, v. FLORENCE ANDERSON, *Appellant*, DAISY FAST *et al.*, *Defendants.*[1]

APPEAL (308)—STATEMENT OF FACTS—AMENDMENTS—CERTIFICATE AS TO MATERIAL FACTS. Where appellant procured the judge's certificate to a statement of facts on the day it was filed, without notice, the respondent is entitled to have other facts that he considers material incorporated in an amended statement.

CHATTEL MORTGAGES (74)—RECEIVERS (8)—APPOINTMENT—COMPLAINT—SUFFICIENCY OF SHOWING. In an action to foreclose a chattel mortgage, the plaintiff is entitled under Rem. Comp. Stat., § 741, to have a receiver appointed at any time on a proper showing.

Appeal from an order of the superior court for King county, Dykeman, J., entered July 1, 1922, appointing a receiver *pendente lite* upon application of the plaintiff, after a hearing upon affidavits, in an action to foreclose a chattel mortgage. Affirmed.

[1]Reported in 213 Pac. 460.

*H. E. Foster,* for appellant.

*Elias A. Wright* and *Sam A. Wright,* for respondent.

MITCHELL, J.—This action was commenced in the superior court to foreclose a chattel mortgage on furniture, furnishings and equipment contained in the Seneca Hotel, Seattle, and all such personal property thereafter to be placed in the hotel during the term of mortgage, together with all leasehold and possessory rights in the hotel premises. The mortgage was given by Daisy Fast, the owner of the property mortgaged, which included a four-year lease of the building and premises. The mortgage of the leasehold interest was consented to by the lessor. The mortgage was duly placed of file and record in the office of the auditor of King county. The property mortgaged was thereafter sold by Daisy Fast to one Florence D. Anderson. She was given possession and thereafter conducted the hotel business. Some time later, the mortgagee not receiving the installment payments due for which the mortgage was given to secure, this suit was commenced. At the time of filing the suit, an emergency restraining order was issued prohibiting the disposal of or the incumbering of the property, and about the same time, upon appropriate application and affidavits for the appointment of a receiver during suit, an order was issued and served directing the defendants, including Florence D. Anderson, to show cause why a receiver should not be appointed.

Upon hearing the application for the appointment of a receiver, which was resisted only by Florence D. Anderson, the court, in the order appointing a receiver, found that Florence D. Anderson had succeeded to the rights of the mortgagor, Daisy Fast; that she was then in possession of and using the property, collecting all

the rents and revenues derived from operating the hotel, and was not applying them towards the payment of plaintiff's claim, but was dissipating and squandering them; that she was not paying the rents due the landlord, and that there was grave danger of the landlord forfeiting the leasehold covered by the chattel mortgage because of failure to pay rent; that the defendants to the action against whom it appeared the plaintiff might be entitled to affirmative relief were insolvent; and that the property without the leasehold interest was inadequate to pay plaintiff's mortgage debt. The person appointed receiver qualified as such, and from the order making the appointment, Florence D. Anderson has appealed.

The appellant has moved to strike additional matter proposed by the respondent to the statement of facts that has been included by an amended certificate of the trial judge. The record shows that the original statement proposed by the appellant was filed on the same day her attorney procured the original certificate of the trial judge, without any notice to the respondent that certification would be asked for at that time. Promptly, the respondent asked that other important facts be added, and, upon notice to the appellant, the court found that such facts were material and important, and so certified by an amended certificate incorporating such additional facts. Under the circumstances, the motion to strike the matter thus added to the statement must be and it is denied.

On the merits, the appellant contends that the complaint is wholly insufficient to support an order appointing a receiver. The contention, as we understand it, is that the complaint of itself, unaided by any further application, motion or petition and proof, must allege enough to authorize the appointment of a receiver, else one will not be appointed.

The action is one to foreclose a chattel mortgage. The statute, Rem. Comp. Stat., § 741, among other grounds for the appointment of a receiver, says:

"(3) In all actions where it is shown that the property, fund, or rents and profits in controversy are in danger of being lost, removed or materially injured;

"(4) In an action by a mortgagee for the foreclosure of a mortgage and the sale of the mortgaged property, when it appears that such property is in danger of being lost, removed, or materially injured; (or when such property is insufficient to discharge the debt, to secure the application of the rents and profits accruing, before a sale can be had); . . .

"(6) And in such other cases as may be provided for by law, or when, in the discretion of the court, it may be necessary to secure ample justice to the parties: Provided, That no party or attorney or other person interested in an action shall be appointed receiver therein."

The complaint in the action is in the usual form in such cases and makes the appellant a party defendant under the common allegation that she has, or claims to have, some right in the property, but that it is subordinate and junior to the rights of the respondent. Upon the filing of the complaint, an application by motion, supported by the complaint and additional affidavits, was made to the court for the appointment of a receiver. Upon the return day of the show cause order issued on that application, or on the day to which the hearing was regularly continued, the matter was heard upon the showing and proof of the respondent and counter-affidavits of the appellant, whereupon the court entered the order appealed from.

The usual common practice in this state seems to have been followed in this case. "In short, a receiver may be appointed at any stage of a cause, upon a proper state of facts appearing, and a prayer for the

purpose in the bill is not an essential prerequisite." 23 R. C. L.; Receivers, § 36, p. 37; 34 Cyc., Receivers, p. 110.

The findings of the court as to the grounds for making the appointment are abundantly supported by the proof.

Judgment affirmed.

MAIN, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.