[No. 29325. Department One. December 9, 1944.]

F. S. BROWN, *Appellant*, v. FRANK J. MEAD *et al.*, *Respondents.*[1]

[1]Reported in 154 P. (2d) 283.

W. C. *Hinman* and *Douglas D. Mote,* for appellant.

*Ralph B. Potts* and *Tyre H. Hollander,* for respondent Mead.

*Raymond C. Hazen,* for respondent Marine National Co.

SIMPSON, C. J.—This action was instituted by plaintiff to recover possession of real property held by defendant Frank J. Mead.

The complaint alleged that on February 16, 1942, one Thornquist and Mead entered into a contract by the terms of which Mead purchased the property from Thornquist on a partial payment plan, which contract was afterwards assigned to plaintiff; that Mead did not make the payments called for, was in default, and refused to pay the balance due. It was further alleged that plaintiff caused a notice to be served on Mead of plaintiff's intention to cancel the contract unless the defaulted payments should be made good within ten days; further, that the notice was ignored and thereafter plaintiff notified defendant Mead that the contract was forfeited. Plaintiff then asked that he be awarded recovery of the possession of the property. On motion of counsel for Mead, W. C. Hinman and wife, Nels

Thornquist, and Marine National Company were made additional defendants.

Defendant Mead answered by making a general denial and setting out two affirmative defenses. The first contained a detailed history of the various transactions concerning the purchase of the real property. The second defense set out that defendant Mead, prior to the time Thornquist assigned the contract, was directed by Thornquist to make the payments to the agent of Marine National Company, and that they were so made. It was further alleged that all of the payments as provided for in the contract had been made to date.

Plaintiff, by way of reply, denied the allegations contained in the affirmative defense. We need not set out the separate answers filed by Nels Thornquist and Marine National Company. A demurrer presented by Hinman and wife was sustained and no further action was taken as to them.

After trial, the court entered a decree dismissing the complaint and appointed Raymond C. Hazen as receiver to collect and pay out all moneys due and payable on account of the contract made between Thornquist and Mead. The decree also provided for the payment from the amount due on the contract of certain liens against the property. The plaintiff has appealed, and makes twelve assignments of error. It is only necessary to consider the following assignments: (a) The court erred in holding that Mead had made the payments required under his contract with Thornquist; (b) in appointing the receiver for the money to be paid on the contract; (c) in allowing Mead a credit of $255.54 on the contract, because of the payments made to Thornquist on a lease contract of the property in question; (d) in the allowance of costs to respondent and Marine National Company; and (e) in appointing a receiver to collect and pay out the balance due upon the contract.

It would serve no useful purpose to set out all of the complicated history of the transactions relative to the property subsequent to the execution of the original contract between Thornquist and respondent. That contract was exe-

cuted February 16, 1942, and was afterwards assigned to appellant by Thornquist. Respondent made some payments to Thornquist and the others to Marine National Company.

■ The principal question involved in this case is presented in appellant's first assignment of error and is, Was the contract in good standing at the date of the notice of forfeiture? The trial court found that all payments had been properly paid. Appellant contends that the payments were not made to him or Thornquist, but to Mr. Hazen, a representative of Marine National Company, which had an interest in the property. There was evidence introduced which showed that Mead and Thornquist agreed that the payments were to be made to Mr. Hazen as a representative of the company. True, this evidence came from respondent and was denied by Thornquist. However, it was entirely within the province of the trial court to pass upon the credibility of the witnesses and the weight to be given to their testimony, and to reject testimony of any witness called at the trial.

On the conflicting evidence here, we cannot say that the court was not justified in finding that the payments to Mr. Hazen were made with the consent of Thornquist.

■ The second assignment we consider has to do with a credit allowed respondent on account of certain rentals paid by Mr. and Mrs. D. P. Scanlon on the house purchased by respondent. At the time the contract for the purchase of the property was entered into, Scanlon and wife occupied a portion of the premises under a written lease given by Thornquist September 23, 1941, which did not expire until December 1, 1943. Mr. and Mrs. Scanlon retained possession of the property until October 9, 1942, during which time they paid rentals to Thornquist. In testifying concerning an agreement relative to the rental, Thornquist testified: "I told Mr. Mead that he will have the privilege of charging against my portion of the contract for every dollar that he lost on that woman; but after that she lived there six months."

The court allowed a credit to Mead of $255.54 which was arrived at by allowing $315 as a reasonable rent for nine

months and deducting the amount of $59.46 which respondent paid at or about the time the parties entered into an agreement which terminated the lease contract. It is entirely clear that respondent was entitled to the reasonable rental value of the portion of the premises occupied by Mr. and Mrs. Scanlon subsequent to the date of the execution of the purchase agreement. We are in accord with the action of the trial court in allowing the credit to respondent.

■ Appellant objects to the allowance of costs to the respondent and Marine National Company on the ground that the allegations of his complaint had been then fully and entirely proven, and that the Marine National Company was not a proper party to the action. There is no merit in this contention. The court found that the appellant had not proved the allegations contained in his complaint, and with that finding we are in entire accord. Marine National Company was a proper party to the action for the reason that it owned a substantial interest in the property and had received and disbursed the moneys paid to it by respondent. This case is equitable in nature, and the allowance of costs was in the discretion of the trial court. *Weiffenbach v. Puget Sound Bridge & Dredging Co.*, 108 Wash. 455, 184 Pac. 321. Costs were properly awarded.

■ Finally, it is argued that a receiver should not have been appointed. The record discloses that certain liens and claims were urged against the real property in question, including that of Hinman and wife, and that those liens should be satisfied to protect the property. We are unable to hold that the court abused its discretion in the appointment of a receiver. That discretion was vested in him by Rem. Rev. Stat. (Sup.), § 741 [P. C. § 8414] (6); *Washington Iron Works Co. v. Jensen*, 3 Wash. 584, 28 Pac. 1019; *Johnson v. Rose*, 113 Wash. 272, 193 Pac. 700; *Richardson v. Anderson*, 124 Wash. 6, 213 Pac. 460; *Clebanck v. Neely*, 163 Wash. 333, 1 P. (2d) 239.

■ It is argued throughout appellant's brief that respondent in his answer had denied the existence of the contract with Thornquist, and for that reason could not maintain his contention that he had paid the amount then due.

The record discloses that evidence relative to the contract and the payments made thereon was introduced without objection. That evidence constituted an amendment to the pleadings and was properly considered.

The judgment is affirmed.

MILLARD, STEINERT, JEFFERS, and GRADY, JJ., concur.

